| 13 | 165 |
| 76 | 392 |

---

SANFORD and another *against* WHEELER.

Where *A*, who was insolvent, owed a *bona fide* debt of 1500 dollars to *B*, and *B* was also liable to sundry creditors of *A*, as his surety, for debts to the amount of 1100 dollars, but *B* had paid no part of such debts and *A* was not discharged from them ; *A* thereupon, without any fraudulent intention, executed a mortgage of real estate to *B*, to secure the payment of an unconditional note for 2600 dollars, payable on demand, made up of the debt due from *A* to *B* and of *B's* liabilities as surety for *A ;* and immediately afterwards, *A* made a general assignment of his estate to trustees for the benefit of his creditors ; on a bill in chancery, brought by the trustees against *B*, to have the mortgage set aside, it was held, 1. that the mortgage could not be sustained, as against the creditors of *A*, for the liabilities of *B ;* but 2. that the consideration of the note being distinctly divisible, for that part of it which consisted of the *bona fide* debt from *A* to *B*, the mortgage ought to stand as a valid security.

THIS was a bill in chancery brought by *Aaron Sanford,* jun. and *Burr S. Wheeler*, trustees for the creditors of *Stephen Wheeler*, under a deed of assignment by him, against *George Wheeler*, seeking relief against a mortgage deed.

The material facts in the case are the following. On the 4th of *May*, 1836, *Stephen Wheeler*, who was then insolvent, owed to his son, *George Wheeler*, the defendant, a *bona fide* debt of 1418 dollars, 36 cents. At the same time, he was indebted to several other creditors, in various sums of money, amounting in all to 1182 dollars, 80 cents, for which *George Wheeler* had become liable as surety with him. *George* had not paid these debts ; and *Stephen* had not been discharged from them ; but his estate was still responsible for them, and they had been presented to the commissioners upon his estate and allowed. On the same day, *Stephen* executed to *George* a mortgage deed of certain lands, to secure an unconditional

*Fairfield,*
*June, 1839.*

Sanford
*v.*
Wheeler.

note for 2601 dollars, 16 cents, payable on demand. This note was made up of the *bona debt* due from the mortgagor to the mortgagee, and the amount for which the latter had become surety. There was no actual fraud in the transaction. Immediately after this, *Stephen* made a general assignment of his estate, as an insolvent debtor, to the plaintiffs, as trustees, for the benefit of his creditors; which assignment included the mortgaged premises.

The superior court reserved the case for the advice of this court as to what decree ought to be passed.

*Bissell* and *Booth,* for the plaintiffs, contended, 1. That the mortgage deed in question was wholly void, as against the creditors of *Stephen Wheeler.* In the first place, it was a *voluntary* conveyance. *Stephen Wheeler* did not owe this note. A voluntary deed, whether absolute or conditional, is void as against creditors, both at law and in chancery. Secondly, this mortgage is void as being opposed to the policy of our recording system; which requires that the condition give reasonable notice to the creditors of the incumbrance. *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158. Here, the record misleads the creditor. It prevents his making further enquiry; for the description appears to be complete. But if otherwise, of whom shall enquiry be made? Of the very parties to the fraud. Thirdly, this deed is void, because it was not delivered to the grantee in satisfaction of his claim. *Benton* v. *Jones* & al. 8 *Conn. Rep.* 186.

2. That if the deed is not wholly void, it is a valid security only for the *bona fide* debt of *George Wheeler.*

*Swift* and *Dutton,* contra, insisted, 1. That the mortgage ought to stand as security to the mortgagee for the whole amount, including his liabilities for the mortgagor. The mortgage covered the debt and the liabilities; and both were equally proper subjects of security by mortgage. The true amount of the incumbrance, at the time, appeared from the record. This is all that the record can ever disclose; for the amount of the incumbrance is constantly varying, by interest and payments. If the creditor wishes for more particular information as to the *nature* of the mortgage debt, the record is sufficient to put him on enquiry; and this is equitable notice

to him. *Hubbard* v. *Savage* & al. 8 *Conn. Rep.* 215. *Booth* v. *Barnum,* 9 *Conn. Rep.* 286. *The United States* v. *Hooe* & al. 3 *Cranch* 73. *Shirras* v. *Caig* & al. 7 *Cranch* 34.

2. That the mortgage, at any rate, was a valid security for the debt due to the defendant. If it is not available to protect his liabilities as surety, it is upon principles of *policy* not applicable to the case of a *bona fide* debt. Here no statute comes in, like a tyrant, to make *all* void. (*a*) Here was no actual fraud. *Weeden* v. *Hawes,* 10 *Conn. Rep.* 50. *Boyd* & al. v. *Dunlap* & al. 1 *Johns. Ch. Rep.* 478. 482. *Sands* & al. v. *Codwise* & al. 4 *Johns. Rep.* 599. per *Kent,* Ch. J.

CHURCH, J. The trustees under the assignment claim, that the mortgage of *Stephen Wheeler,* as against his creditors, is either totally or partially fraudulent and void; and whether it is either the one or the other, or whether it is good for the whole amount of the note described in its condition, are the questions reserved for our advice.

1. We think this mortgage cannot be sustained for the whole amount pretended to be secured by it, against the creditors of *Stephen Wheeler,* but must be set aside for so much as embraces the debts for which the defendant was only a surety. It is certain, that *Stephen Wheeler* did not owe this money to *George:* he owed it only to the original creditors, who were still unpaid. *George* had not paid it; nor was it certain he ever would; nor had he done any act, by which *Stephen* had become discharged from his obligation to pay. The estate of *Stephen* was still responsible for these debts: and the case even states, that they were in fact presented to the commissioners upon his estate and allowed; and the original creditors were entitled to receive their dividend. Now, to permit *George,* under this mortgage, to recover the whole amount of this note, would be to permit him to take from the other creditors of *Stephen Wheeler,* at least the amount of the dividends for which he has paid nothing.

*George Wheeler* may have been entitled from his father to security for his liabilities for these debts, and could have been made secure, by a proper mortgage deed; but for some cause,

(*a*) The sceptre of this tyrant, even in his own dominions, is somewhat shattered. Vide *Goodman* v. *Newell,* ante 50.—*R.*

*Fairfield,*
June, 1839.

Sanford
*v.*
Wheeler.

unknown to us, the parties preferred a different course. To have effected this purpose, the mortgage should have disclosed the nature of the transaction ; and the subject matter of the mortgage should at least have appeared with reasonable certainty; although the details and particulars need not be set forth. But what have we here ? A mortgage given to secure the payment of a note of 2601 dollars, 16 cents, due from the mortgagor to the mortgagee, payable absolutely and unconditionally, and on demand ; and without any intimation, that any other than an absolute and *bona fide* debt of the description mentioned was in the contemplation of the parties. The superior court has found, that no such debt as this ever existed, or was ever due. The infirmity in this mortgage is not, that the true amount of the debt is not set forth, but that a claim altogether different, in its nature, character and amount from the one referred to in the condition of the mortgage deed, is attempted to be substituted for the debt described—the claim of a surety, and not of a creditor. And however equitable as between the parties to the mortgage it may be, that it should stand as security not only for the debt really due, but as an indemnity also for the liabilities of the mortgagee, yet as against third persons interested, it can no more be made to do this, than a mortgage given to secure a bond debt of a specified description, can be made to remain as security for the payment of a book debt. *Pettibone* v. *Griswold,* 4 *Conn. Rep.* 158. *Stoughton* v. *Pasco,* 5 *Conn. Rep.* 442. *Hubbard* v. *Savage,* 8 *Conn. Rep.* 215. *Crane* v. *Deming,* 7 *Conn. Rep.* 387. *Booth* v. *Barnum,* 9 *Conn. Rep.* 286.

2. But for so much of the consideration of the note described in the condition of this mortgage deed as consists of the actual debt due from *Stephen Wheeler* to *George Wheeler,* this mortgage must be supported.

It is true, that it has been holden, that if there has been actual fraud, even in respect to a part only of the debts attempted to be secured by mortgage, a court of equity, and upon the application too of him who comes to seek equity, will set aside the entire mortgage, and forbid that it shall stand good for such part as may be *bona fide.* *Boyd* & al. v. *Dunlap,* 1 *Johns. Ch. Rep.* 478. *Sands* & al. v. *Codwise,* 4 *Johns. Rep.* 536. 599. *Weeden* v. *Hawes,* 10 *Conn. Rep.* 50. But such is not the present case. The superior court

has found, that there was no actual fraud in this transaction. The consideration of this note is very distinctly divisible : in part and to an ascertained amount, it consists of a *bona fide* debt, and in part, of mere liabilities. The present applicant appeals to a court of equity against this mortgage. He must come, then, as one disposed to do that justice to his adversary, which he demands from him ; and this he cannot do, while he seeks to deprive him of a security for an honest debt ; and this court, in the exercise of equitable powers, can give aid to no such attempt. If the facts found in the present case, are only such as have a probable tendency to deceive or mislead, without the *malo animo* necessary to constitute actual fraud, they may constitute what is sometimes termed a *constructive* fraud ; and then a court of equity will, if it be practicable, give effect to the security, so far as to permit it to stand in favour of such part of the debt intended to be secured by it, as is unaffected by fraud, or other legal infirmity. [See the authorities cited above.] The present case clearly falls within the operation of this principle ; and we must, therefore, advise the superior court, that this mortgage deed be permitted to remain a valid security for so much of the note described, as is the amount of the real debt due from *Stephen Wheeler* to *George Wheeler,* the defendant, and the interest thereon ; and that it be declared void as to the residue.

*Fairfield,*
June, 1839.

Sanford
*v.*
Wheeler.

The other Judges were of the same opinion, except SHERMAN, J., who gave no opinion, having been of counsel in the cause.

Decree for plaintiff in part.