Mix and others *against* Cowles and another :

### IN ERROR.

In *September,* 1846, A mortgaged land to B, to secure the payment of sundry notes. A afterwards executed a mortgage deed of the same land to C, to secure the payment of a note for 200 dollars; the deed being dated the 17th of *January,* 1848, but delivered to C and accepted by him, on the 15th. Pre-

(a) See *Winchell* v. *Allen,* 1 *Conn. R.* 385. *Stanton,* adm'x. v. *Holmes,* 4 *Day,* 87.

vious to the 18th, there existed no indebtedness whatever from *A* to *C*; but the securities were given and taken upon an arrangement between *A* and *C*, by which *C* was to open an account with *A*, and sell him goods, and *A* was to make such payments that the balance against him should, at no time, exceed 200 dollars. Immediately after the securities were perfected, on the 18th, *C* opened an account with *A*, and sold him goods, to the amount of 103 dollars. The account continued until the 20th of *October*, 1848, when it was closed; the balance against *A*, which, at no time, had amounted to 200 dollars, being then 180 dollars, which, with interest, remained due. After the execution of the mortgage from *A* to *C*, *A* conveyed his equity of redemption to *B*, on *B*'s giving up to *A* the mortgage notes against him. On a bill to redeem, brought by *C* against *B*, it was held, 1. that the mortgage deed to *C*, became effective, on the 18th, when it was delivered to and accepted by him; 2. that the securities and arrangement of the 18th, including the sale of goods by *C* to *A*, were to be considered as one transaction; 3. that the condition of this mortgage deed was, in its legal effect, strictly according to the truth, and was not exceptionable, as not disclosing, with sufficient certainty, the nature or extent of the incumbrance; 4. that *B* was not in the position of a purchaser for a valuable consideration, but of a mortgagee, with the equity of *A*, in the first mortgage, extinguished; consequently, *C*, whose right was unimpaired, was entitled to redeem; 5. that *B* had no superior equity, by virtue of which he could resist the application of *C*.

*New-Haven*,
July, 1850.

Mix
*v.*
Cowles.

THIS was a bill in chancery, to redeem mortgaged premises. On a hearing before the superior court, *October* term, 1849, the following facts were found.

On the 2d of *September*, 1846, *George W. Brown* and *Samuel N. Beecher* mortgaged a parcel of land in *Meriden*, to *Rosetta M. Cowles*, one of the defendants, to secure the payment of four promissory notes. *Beecher*, afterwards, released all his interest in the premises to *Brown*.

On the 17th of *January*, 1848, *Brown* executed a mortgage deed of the premises to *James T. Mix & Co.*, the plaintiffs, to secure the payment of a promissory note, of the same date, made by *Brown*, for 200 dollars, payable to the mortgagees, or order, at the *Meriden Bank*, four months after date; but the deed was not delivered to or accepted by them, until the next day. At the time this mortgage deed and this note were executed, there existed no indebtedness whatever from *Brown* to the mortgagees; but they were executed by *Brown*, as a basis of credit to that extent, which the mortgagees then agreed to give, to induce them to open an account with him, and to extend credit to him for such goods as they should sell him; with the understanding that he should make such payments upon the account, that the balance against him should, at no time, exceed the sum of 200 dollars. They ac-

cordingly opened an account with him, and sold him immediately, goods, amounting to 103 dollars, 63 cents. The account was continued until the 20th of *October*, 1848, when it was closed ; the balance against him then being 180 dollars, 69 cents ; which sum, with interest, is still due. During this period, *Brown* made such payments upon the account, that the balance against him, at no time, amounted to 200 dollars.

The note described in the condition of the mortgage, the plaintiffs procured to be discounted for their own benefit, and at its maturity, was taken up, and is now held, by them.

At the time the mortgage to *J. T. Mix & Co.* was executed and delivered to them, the mortgage executed on the 2d of *September*, 1846, to *R. M. Cowles*, was outstanding, in full force, and so continued until the 26th of *October*, 1848 ; when *Brown*, in consideration of the notes described in the condition, being given up, gave her an absolute deed of the premises, containing the usual covenants, except the warranty against incumbrances. On the 16th of *May*, 1848, *Brown* gave the plaintiffs another note for the sum of 200 dollars, payable three months after date, which, at its maturity, was taken up, by the maker, the plaintiffs furnishing their check for 116 dollars, 12 cents, towards it. This note was delivered, by *Brown*, to Mrs. *Cowles*, at the time he executed said absolute deed to her, and is now in her hands.

The plaintiffs had made a full tender to the defendants, to entitle the former to redeem, if, in other respects, they were entitled to do so.

Upon these facts, the court dismissed the bill, with costs. To obtain a reversal of such decree, the plaintiffs thereupon brought a writ of error before this court.

*Ingersoll*, for the plaintiffs, contended, 1. That although the note and mortgage deed were drawn, and in one sense executed, on the 17th of *January*, 1848, when no consideration passed between the parties; yet these instruments did not receive their vitality, till they were brought to *New-Haven*, and *accepted* by *J. T. Mix & Co.*, on the 18th of *January*. " It is essential to the delivery of a deed, that it should be delivered by the grantor, and *accepted* by the grantee." *Merrills* v. *Swift*, 18 *Conn. R.* 261. See also *Jackson* d. *Ten Eyck* v. *Richards*, 6 *Cowen*, 617.

But the finding of the court below is, that the delivery and the *acceptance* of the deed was on the 18th of *January;* and that simultaneously with it, or, to use the language of the court, " immediately thereupon," *i. e. at the same time,* the plaintiffs delivered goods to the mortgagor, amounting in value to 103 dollars, 63 cents, being part of the sum specified in the note, and for which, in part, the note and mortgage were given. To this extent, therefore, at least, there was a valid consideration for the mortgage note ; and there being no fraud in the transaction, the mortgage would be upheld, even as against creditors and purchasers. *Sanford* v. *Wheeler*, 13 *Conn. R.* 165.

2. That irrespective of the consideration just referred to, the mortgage to *J. T. Mix & Co.*, as between the parties, is valid, to the extent of all the plaintiffs' advancements upon it, whether made on the 18th of *January,* or at any subsequent time ; and independently of our registry laws, it could not be questioned, even by subsequent incumbrances or purchasers. The objection to its validity here interposed, is, that the imperfect description of the amount and character of the consideration, in the condition of the mortgage deed, renders it void, under our recording system, as against subsequent incumbrancers and purchasers. But the defendant, who interposes this objection, is not a subsequent incumbrancer or purchaser. The mortgage to Mrs. *Cowles,* the defendant, was prior to the mortgage to the plaintiffs, and is wholly unaffected by it. She has, subsequent to our mortgage, taken a conveyance from the original owner, of his equity of redemption. But that does not make her a *purchaser* subsequent to us. She has only perfected the right which she acquired under her mortgage, an incumbrance prior to ours. She is in the same situation as she would have been, had she foreclosed her mortgage, by a bill for that purpose, without taking notice of the intervening incumbrance of the plaintiffs. Her right in equity was the payment of her mortgage debt, with interest—nothing more ; and the finding of the court below is, that the plaintiffs had made a full tender to her, to entitle them to redeem, if, in other respects, they were entitled to. She advanced no new consideration, when she took the conveyance of her mortgagor's equity of redemption.

In the state of *New-York,* the courts hold, that a purchaser,

whom the registry act was intended to protect, is one who has advanced some new consideration. *Dickerson* v. *Tillinghast,* 4 *Paige,* 215. "And although the terms of the statute of that state may vary from ours, the same object is kept in view." Per *Williams,* Ch. J. in *North* v. *Belden,* 13 *Conn. R.* 381.

*Kimberly* and *J. S. Beach,* for the defendants, contended,

1. That the record must give reasonable notice of the incumbrance on the land mortgaged. *Pettibone* v. *Griswold,* 4 *Conn. R.* 158. *Stoughton* v. *Pasco,* 5 *Conn. R.* 442. *Crane* v. *Deming,* 7 *Conn. R.* 395. *Hubbard* v. *Savage,* 8 *Conn. R.* 215. *Booth* v. *Barnum,* 9 *Conn. R.* 286. *Sanford* v. *Wheeler,* 13 *Conn. R.* 165. *North* v. *Belden, Id.* 376. *Hart* v. *Chalker,* 14 *Conn. R.* 77. *Merrills* v. *Swift,* 18 *Conn. R.* 257.

2. That no notice is reasonable, unless the record disclose, with as much certainty as the nature of the case will admit of, the *real state* of the incumbrance on the property. Per *Williams,* Ch. J. in *Hart* v. *Chalker,* 14 *Conn. R.* 77. Per *Storrs,* J. in *Merrills* v. *Swift,* 18 *Conn. R.* 257.

3. That the record must disclose, with as much certainty as the nature of the case will admit of, not only the *extent* of the incumbrance, but its *true nature* and *character.* *Sanford* v. *Wheeler,* 13 *Conn. R.* 165. *North* v. *Belden, Id.* 376. and others above cited.

4. That the cases in *Connecticut,* involving the validity of mortgages, may be divided into three classes. 1st, those as in *Pettibone* v. *Griswold, Stoughton* v. *Pasco, Shephard* v. *Shephard, Booth* v. *Barnum, Hart* v. *Chalker,* and *Merrills* v. *Swift,* in which it was claimed, that the record did not disclose, with sufficient certainty, the *amount* of the incumbrance. 2ndly, those as in *Crane* v. *Deming,* and *Hubbard* v. *Savage,* in which the record disclosed, with sufficient certainty, the *amount* which was *intended* to be secured, but the objections to their validity were, that the debts or liability disclosed, were not the legitimate subjects of a mortgage security. 3dly, those, as in *Sanford* v. *Wheeler,* and *North* v. *Belden,* in which the record contained a sufficiently certain description of the debt or liability, *purporting* to be secured, and in which the nature of the debt or liability *intended* to be

secured, was such that it could have been secured, if the record had disclosed it; but the objections were, that the *real transaction* was not disclosed; that the record set up a *fictitious* debt or liability, instead of the *existing* debt or liability.

This case falls within the 3d class, and is concluded by the cases of *Sanford* v. *Wheeler*, and *North* v. *Belden*.

5. That if it is claimed, that the first charge of 103 dollars, 63 cents, is protected by the mortgage, the answer is—first, the record finds, that at the time the mortgage was given, there existed no indebtedness whatever from *Brown* to the plaintiffs. Secondly, the account annexed shows that a much larger amount than that sum was paid by *Brown* on the account; and such payments the law applies to the items of the account which first accrued. *Fairchild* & al. v. *Holly* & al. 10 *Conn. R.* 175.

6. That the superior equity in the case, is in favour of the defendants. At the time Mrs. *Cowles* gave up her notes, and took the deed from *Brown*, she supposed the plaintiffs' mortgage was satisfied. First, by the account between the plaintiffs and *Brown*, the mortgage note appears to have been paid. (a) Secondly, Mrs. *Mix* received from *Brown*, and now holds, the note of the 16th of *May*, 1848, which *Brown* paid and took up.

CHURCH, Ch. J. On the 2d day of *September*, 1846, *Brown* and *Beecher* mortgaged the land in question to *Rosetta M. Cowles*, to secure the payment of several notes. On the 17th day of *January*, 1848, *Brown*, who then owned the entire equity of redemption, executed to the plaintiffs a mortgage deed of the same land, conditioned to pay a note of two hundred dollars, dated the same day, and made payable to the plaintiffs, or order, at the *Meriden Bank*, four months after date. If this last was a valid mortgage, the plaintiffs, as second mortgagees, have a right to redeem the first mortgage.

As to the mortgage to the plaintiffs, the facts are, that, although the deed was executed on the day it bears date, it was not delivered to the plaintiffs, nor accepted by them, until the next day: then it became effective, as a valid mortgage. *Merrills* v. *Swift*, 18 *Conn. R.* 257. *Ten Eyck* v. *Richards*, 6 *Cowen*, 617.

(a) In the account referred to, exhibited on the hearing, *Brown* was credited with the mortgage note, and also with the note of the 16th of *May*, 1848.

New-Haven,
July, 1850.

Mix
v.
Cowles.

When the mortgage deed and note were delivered to the plaintiffs, it was upon an arrangement then made, by which, as a consideration of the note and mortgage, the plaintiffs then agreed to deliver to *Brown*, the mortgagor, goods, to an amount equal to the sum of the note, and to deliver them as *Brown* should require or call for them; or, as the court, in the finding, has expressed it, that the plaintiffs should receive the note, "as a basis of credit, to that extent, which credit the plaintiffs agreed to give." And at the same time, under that arrangement, the plaintiffs delivered to *Brown* goods to the amount of 103 dollars, 63 cents. All this was but one transaction, and so must be treated.

The note given by *Brown*, was not conditional; nor was it intended to be given upon any contingency. The contract between the parties was an absolute one. The plaintiffs agreed to furnish goods to the amount of two hundred dollars; and *Brown* agreed to pay for them, by his note and mortgage. There is no discrepancy between the substance and form of this transaction. The record speaks the entire truth, in its legal effect, without detailing the circumstances. The distinction between this mortgage, in the feature of it, and the mortgages set forth in the cases of *Sanford* v. *Wheeler*, 13 *Conn. R.* 165. and *Belden* v. *North*, *Id.* 176. is very obvious. In this case, the payees of the note were under an absolute obligation to deliver the goods, as called for, to the full amount of the note. In the cases referred to, they were mere sureties, who might, or might not, be subjected to payment: there was no *debt*, as the note and mortgage pretended, but only a *contingent liability*.

But even the case of *Sanford* v. *Wheeler*, furnishes an authority in support of this mortgage, to the extent of 103 dollars, 63 cents. The plaintiffs, at the time of the note and mortgage, actually advanced this amount of goods upon the note; and so far, the mortgage is good, upon the principle of that case. And this will give to the plaintiffs a right to redeem.

There are other considerations, which favour the plaintiffs' right to redeem. If this mortgage was in fact voluntary, still it was good between the parties; and the mortgagee might avail himself of it, by redeeming the prior mortgage of Mrs. *Cowles*. And if she stands only in the condition of a first

mortgagee, she cannot complain. She receives her money, her debt ; and this is all she is entitled to.

New-Haven,
July, 1850.

Mix
*v.*
Cowles.

But she claims to be a purchaser, for a valuable consideration. She was not. Although *Brown,* after his mortgage to the plaintiffs, released to her all his equity of redemption, she paid nothing for it. As between them, the relation of mortgagee and mortgagor ceased ; and she gave up the notes, upon receiving the land ; and this she ought to have done. By this transaction, Mrs. *Cowles* was placed in the same position, in which she would have been, if she had foreclosed the equity of *Brown,* without foreclosing the right of the plaintiffs, as second mortgagees. This would have left the plaintiffs with their right of redemption unimpaired

It is said, that in some way, Mrs. *Cowles* has some peculiar and superior equity, because she made a new arrangement with *Brown,* supposing the plaintiffs' mortgage was satisfied. But the plaintiffs had done nothing to induce such a belief. The note secured by and described in their mortgage, was never paid, nor given up to *Brown,* but was always retained by them.

The plaintiffs' mortgage remains a lien upon the land, to the amount due from *Brown* to the plaintiffs, as found by the superior court ; of course, they have right to redeem, and their bill should be granted.

The decree of the superior court is reversed.

In this opinion the other Judges concurred.

Decree reversed.