### HARRY MATZ ET AL. *vs.* MAIER ARICK ET AL.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In this State it is lawful for any one, except pawnbrokers and others loaning money on pledges of personal property (§ 4659), to loan at any rate of interest or subject to any discount or bonus; and no sum paid by way of discount or bonus can be set off or recovered back (§ 4599) by any proceeding in court.

A mortgage purported to secure a contemporaneous loan of $5,000, of which amount only $1,000 was then advanced, while $4,000, evidenced by eight due-bills, was to be paid over in instalments as successive stages were reached in the erection of buildings on the mortgaged premises; and these instalments were afterwards paid as they fell due. *Held* that the record of such a mortgage did not give notice to subsequent incumbrancers, with reasonable certainty, of the true nature of the obligation or indebtedness; that the due-bills not being payable at once could not be regarded as

the equivalent of cash, and therefore, as against such incumbrancers, the mortgage was valid only to the extent of the $1,000.

Actual fraud between the parties to such a mortgage will avoid the entire security in favor of those to affect whose interests the fraud has been concerted; but in the absence of actual fraud, a court of equity will uphold such security so far as may be necessary to protect an honest and unquestionable debt.

An appeal to the Superior Court from a judgment of foreclosure rendered by the City Court of New Haven, taken by the mortgagor, vacates the judgment and transfers the entire case, as to all the parties, for a trial *de novo* in the Superior Court.

It is within the power of the legislature to give such an effect to an appeal to the Superior Court.

In an action of foreclosure, facts going to the foundation of the case and substantially admitted by the plaintiff, although pleaded by part of the defendants only, necessarily control the action of the court in respect to every defendant, and enure to the benefit of all.

In the absence of anything appearing to the contrary, it must be presumed that sufficient reasons existed for fixing the law-days on the dates shown in the decree.

Argued November 4th, 1903—decided January 6th, 1904.

ACTION to foreclose a mortgage for $5,000, brought to the City Court of New Haven and thence by appeal to the Superior Court in New Haven County and tried to the court, *Gager, J.;* facts found and judgment rendered establishing the validity of the mortgage for the full amount, as against the mortgagor Arick, but for $1,323 only, as against the other defendants, and appeal by the plaintiffs and certain of the defendants. *No error.*

*E. P. Arvine* and *George E. Beers*, for the appellants (plaintiffs).

*William B. Stoddard*, for the appellants (defendants Corbett *et al.*).

*James H. Webb* and *Samuel C. Morehouse*, for one of the appellees (the Halsted and Harmount Co.).

*James P. Pigott*, for one of the appellees (Patrick J. Cronan).

BALDWIN, J. The mortgage in suit was executed by the defendant Arick, to secure his negotiable note for $5,000, dated March 30th, 1897, and payable on or before six months after date. It was given to raise funds to assist Arick in erecting three buildings on the land mortgaged, and he had received only $400 in money on the day when the note was dated and delivered. He had, however, agreed to allow the plaintiffs a bonus of $600 for making the loan, and gave them on that day a written receipt for $1,000, described as "being a part of the loan of five thousand dollars this day made to me." They also then delivered to him eight due-bills of the same date for the aggregate amount of $4,000, each expressed to be due when a certain stage had been reached in the erection of such buildings; and these were duly paid according to their tenor, the last maturing in August, 1897.

The action was tried at the same time with the consolidated cases of the *Halsted & Harmount Co.* v. *Arick, ante,* p. 382. In that action the judgment was that Arick should pay the company $3,788.88 and costs, on or before the first Monday of February, 1904, or be foreclosed; and the law-days for the subsequent incumbrancers, of whom there were several, followed with an interval of one day only for each. In this action the judgment was that Arick should be foreclosed unless he paid, on or before the first Tuesday of March, 1904, $5,000 and costs, with interest on $1,000 from the date of his receipt for that sum, and on the rest from the several dates of the actual payments to him upon the several due-bills; but that the subsequent incumbrancers, the law-days for whom followed with an interval of one day only for each, need only pay $1,000, with interest from March 30th, 1897, and costs.

The mortgaged premises are worth $15,000.

Not only may money be lawfully lent in this State, by those not in the business of a pawnbroker or loan broker, nor receiving security by pledge of personal property, at any rate of interest or subject to any charge for a discount or bonus, but no sum paid by way of discount can be set off or recovered

back by any proceeding in court. General Statutes, §§ 4599, 4659. It would have been an idle ceremony for the plaintiffs to hand $1,000 to Arick on March 30th, 1897, and then, after getting his receipt for it, take $600 of it back for the stipulated bonus. In legal effect, when he received $400 and gave a receipt for $1,000, as part of the money borrowed on his negotiable note secured by mortgage, he paid the bonus, and became their debtor as to all the world for the full amount of the receipt.

As respects the balance of the $5,000, however, represented by this note, the terms of the mortgage were not such that the record of it would give notice to subsequent purchasers, with reasonable certainty, of the nature and amount of the indebtedness which it purported to secure. The amount of the obligation was truly stated. The nature of the obligation was not truly stated. The mortgagor declares in his deed that it is given in consideration of $5,000 received to his full satisfaction, of the mortgagees, and that he is indebted to them in that sum. The due-bills, however, were not, by their terms, due immediately, and cannot be regarded as the equivalent of cash. Their payment was definitely and distinctly postponed and made dependent on future events, which might never occur, or not until after the maturity of the note. To hold executory contracts of that kind equivalent to cash, as against subsequent incumbrancers, would be opening the door to opportunities for fraud and concealment. See *Beach* v. *Osborne*, 74 Conn. 405, 409.

Between the plaintiffs and the mortgagor there was no fraud or concealment, and no opportunity for it. The Superior Court therefore was right in holding that against him, the due-bills having been paid according to their tenor, the mortgage was good for the full amount, with interest from the dates of actual payment.

It was also properly adjudged that, as against the other defendants, the mortgage was good, and good only, to the extent of the payments evidenced by the receipt of $1,000.

The bad part was separable from the good part, notwithstanding both were on the face of the note indistinguishably

mingled. Had there been any actual fraud, the whole security would have been avoided in favor of those to effect whose interests the fraud might have been concerted. In the absence of such fraud, a court of equity, even if the circumstances should be assumed to bring the security within the doctrine of constructive fraud, will uphold it so far as may be necessary to protect an honest and unquestionable debt. *Sanford* v. *Wheeler*, 13 Conn. 165.

Counsel for those defendants who have taken an appeal have called attention to our opinion in *North* v. *Belden*, 13 Conn. 376, 382, in which reference is made to *Sanford* v. *Wheeler*, and the mortgage under consideration in that case is described as having been given to secure two separate and distinct notes, as to one of which, only, it was held good. Reference to the original files in *Sanford* v. *Wheeler* shows that this description was erroneous. There was, as in the case now at bar, but a single note.

Counsel for the plaintiffs insist that the mortgage now in question is no more exceptionable than that which was held to be a valid security as against a subsequent purchaser in *Mix* v. *Cowles*, 20 Conn. 420. That case was a bill to redeem a mortgage given to secure an absolute note for $200. The note was really given to secure the mortgagee for goods to that amount in value, which he had agreed to sell to the mortgagor, from time to time, on request, and at the time of its delivery goods were so sold and delivered to the latter to the amount of $103. The Superior Court had dismissed the bill. This court reversed the decree, observing (p. 426) that inasmuch as the sale of the goods was part of the mortgage transaction and contemporaneous with it, the security was certainly valid to that extent. The question to be decided, it will be observed, was not whether the $200 note was fully secured by the mortgage, but whether anything was secured by it; for if anything was, the plaintiff had a right of redemption.

The plaintiffs also contended that as none of the defendants redeemed in accordance with the City Court judgment, and the law-day for each had passed long before the issues

were closed in the Superior Court, all of them who did not appeal to that court were absolutely foreclosed. This position is untenable. An appeal lies, under the charter of the city of New Haven, in favor of any defendant in such a cause; and upon filing with the clerk of the Superior Court a certified copy of the full record in a cause so appealed, he is to " enter said cause on the docket thereof, and said cause shall thenceforth be proceeded with in all respects as in case of appeals from the judgment of justices of the peace." 12 Special Laws, p. 1163, § 176. The mortgagor, in the case at bar, and several of the subsequent incumbrancers appealed. This transferred the entire cause and vacated the judgment appealed from. The controversy between the mortgagees and those taking the appeal was not separable from that between the mortgagees and the other defendants who did not appeal. *Ayers* v. *Wiswall*, 112 U. S. 187, 191. No defendant could be foreclosed until the mortgage indebtedness had been ascertained, and ascertained in a proceeding to which the owner of the equity of redemption was a party. After the appeal by Arick, he was no longer a party to the proceeding in the City Court. Furthermore, until the foreclosure of the interest of the mortgagor should have become absolute, no subsequent incumbrancer was called on to redeem. The mortgagor's appeal prevented the possibility of such a foreclosure by vacating the judgment against him, and made the judgment of the City Court thenceforth ineffectual as respects every other defendant. It is within the power of the legislature to give to an appeal to the Superior Court, by any party to a judgment, the effect of vacating that judgment as to every other party as well as himself, and of transferring the cause for a trial *de novo;* and such is the effect of the mortgagor's appeal in this instance.

In the Superior Court, some of the defendants did and some did not set up affirmatively by answer, the facts showing the true nature of the obligation which the mortgage was given to secure. The plaintiffs contend that those not pleading these facts can take no advantage from them. The

answers which set them up were substantially admitted by the replies. The court was thus placed in possession of the truth, and could not properly ignore it in respect to any whom it might affect. As the entire cause had been transferred, all the parties to it, whether they in fact entered appearances or not, were before the court for purposes of judgment, and equity was to be done equally to all. The facts admitted as to some were material as to the rest, and as they went to the foundation of the case necessarily controlled the action of the court in respect to every defendant.

The defendants who have appealed to this court object to the decree because they were defendants also in the companion suit of the *Halsted & Harmount Co.* v. *Arick, ante,* p. 382, and in that their law-days were set in February, 1904, whereas in the case at bar they were set in March, 1904. Their grievance, apparently, is that it would evidently not be worth while for them to redeem the Halsted & Harmount Co. liens, in case the plaintiffs' note is held to be an incumbrance prior to theirs, there being other mortgages to a considerable amount which are confessedly prior to either. While the two cases were tried at the same time in the Superior Court, they involved quite different questions and different equities. It is to be presumed, in the absence of anything appearing to the contrary, that there were sufficient reasons for framing the judgments in the manner complained of. Nor does it appear that any such claim as is now set up was made in the Superior Court.

There is no error on either of the appeals.

In this opinion the other judges concurred.