ANDREW M. ANDREWS *v.* CONNECTICUT PROPERTIES, INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 6—decided August 1, 1950

*Halford W. Park, Jr.,* for the appellant (defendant Gagliardini).

*Johnson Stoddard,* with whom was *Alvin C. Breul, Jr.,* for the appellee (plaintiff).

JENNINGS, J. Alessandro Gagliardini, a subsequent attaching creditor, claims that the plaintiff's mortgage is invalid as to him because it does not describe the debt secured by it with sufficient accuracy. He claims that the facts found do not support the conclusions reached.

In 1947, Mary Smith and Connecticut Properties, Inc., hereinafter referred to as the defendants, agreed to purchase a tract of land in Greenwich from the trustees of the estate of Frank C. Poucher, hereinafter referred to as the trustees, for $40,000. At the closing on May 14, 1948, the defendants lacked $3492.86 of the amount necessary to fulfill their contract. The trustees accepted the defendants' note for the deficiency, secured by the assignment of an $8000 mortgage held by Jessie M. Brush on other property. They accepted this assignment as the equivalent of cash. Connecticut Properties, Inc., executed the mortgage and demand note in suit in favor of Mrs. Brush. It was duly recorded. It was to secure her against loss by reason of the assignment of the $8000 mortgage to the trustees. The stated condition was the payment of $3492.86, said to be owed to Mrs. Brush by the defendants, as evidenced by their promissory note for that sum. The trustees thereupon deeded the property to Connecticut Properties, Inc.

On June 7, 1948, Connecticut Properties, Inc., and Mrs. Brush entered into a written agreement which provided, in substance, that the note and mortgage in suit were collateral security for the payment of the note

given by the defendants to the trustees for the deficiency. This agreement had not been discussed at the closing and was not recorded.

On October 19 the $8000 mortgage was paid to the trustees as assignees of Mrs. Brush. On October 25 they remitted to her the major part of the proceeds, retaining sufficient cash to pay the deficiency note, if defaulted, and interest thereon. On November 22 Gagliardini, who had full knowledge of the mortgage transaction, attached the property covered by the mortgage in suit. On December 14 the trustees demanded payment of the deficiency note. Upon default, they applied their security to liquidate the note and remitted the balance to Mrs. Brush. On December 24 she assigned the mortgage in suit to the plaintiff.

On these facts the trial court concluded that Mrs. Brush loaned her money to the defendants, that the liability of Connecticut Properties, Inc., on the mortgage note in suit was absolute and that the mortgage deed described the conditions with sufficient accuracy to make it valid against a subsequent attaching creditor.

The plaintiff does not dispute the basic proposition that a mortgage which does not describe the indebtedness with reasonable accuracy is invalid as against subsequent incumbrancers. It is discussed and the Connecticut cases are reviewed in Hewitt, "The Rule in Matz v. Arick [76 Conn. 388, 56 A. 630]," 2 Conn. B. J. 237. See particularly *North* v. *Belden,* 13 Conn. 376, 380; *Sanford* v. *Wheeler,* 13 Conn. 165, 167; *First National Bank of Bridgeport* v. *National Grain Corporation,* 103 Conn. 657, 662, 131 A. 404. The underlying principle, as is indicated in the cases cited, is that the recorded instrument should disclose the real nature of the obligation for the information of other creditors. The extreme example would be a note and mortgage given without consideration. The note in suit as de-

scribed in the defeasance clause of the mortgage was in terms an unconditional obligation. The facts found show that the mortgage was security to protect Mrs. Brush against loss if the defendants defaulted on their note to the trustees. The note in suit might or might not have become due. *Rowan* v. *Sharps' Rifle Mfg. Co.*, 33 Conn. 1, 18. The mortgage did not describe the transaction with the requisite accuracy. This conclusion is fortified by the agreement of June 7 defining the relationship. The fact that Gagliardini had notice of the state of the title was immaterial; *Ives* v. *Stone*, 51 Conn. 446, 458; Hewitt, op. cit., 253; as was the fact that the trustees accepted the assignment of the Brush mortgage as the equivalent of cash. They were not parties to the action and their mental reservations did not affect the character of the transaction, which is established by the facts found as stated above.

The conclusions of the trial court are not supported by the facts found. The judgment should have given the claim of Gagliardini priority over the claim of the plaintiff.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.