THE FIRST NATIONAL BANK & TRUST COMPANY OF
BRIDGEPORT v. JOSEPH L. LEVY ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 82314

Memorandum filed July 26, 1951.

*Curtis, Trevethan & Gerety*, of Bridgeport, for the Plaintiff.

*Millard Kaufman, Thomas B. Coughlin, LaMacchia & Diner-stein* and *David R. Lessler,* all of Bridgeport, *Harry P. Lander,* of New Haven, and *Richard H. Simons,* of Milford, for the Defendants.

ROBERTS, J.   The plaintiff has demurred (1) to the defendant Hartenberg's special defense insofar as it purports to state a defense and claimed invalidity as to Hartenberg by reason of the alleged inaccuracy of the statement of the debt in the mortgage deed and (2) to the first count of said defendant's cross complaint, as against the plaintiff, seeking a declaratory judgment based on a similar reason.

The question presented is whether the plaintiff's mortgage is invalid as against the subsequent mortgage of the defendant Hartenberg, because plaintiff's deed did not include the provisions of a written amortization agreement relative to payments of principal on the mortgage note, which agreement was signed by the defendant Levy at the time the mortgage was given and as part of the transaction.

No claim has been made on the part of the defendant that a demurrer is not the proper method to raise and determine the instant question. It would appear that it is the proper method to determine said question. The mortgage deed, mortgage note and the amortization agreement filed in compliance with a motion for oyer and which are referred to in the pleadings to which the demurrer is addressed may be considered with the other facts proper to consider under a demurrer. *Lampson Lumber Co.* v. *Chiarelli,* 100 Conn. 301; *Progressive Welfare Association* v. *Morduchay,* 124 Conn. 485, 486; *Morehouse* v. *Employers' Liability Assurance Corp.,* 119 Conn. 416, 421; *Hill* v. *Wright,* 128 Conn. 12, 15.

The following facts applicable to the question appear. On September 6, 1946, the defendant Joseph L. Levy owed the plaintiff the sum of $25,000 as evidenced by his promissory note of that date. The note was payable: "On demand, . . . with interest at the rate of five per cent per annum payable semi-annually in advance on the first days of January and July in each year, together with all costs of collection including a reasonable attorney's fee." This note, which was recited in full in the deed, was secured by a mortgage deed of the same date, and which deed was recorded on September 7, 1946, in Shelton Land Records where the property was located.

At the time of the above transaction (although the agreement on file does not disclose the date) the plaintiff requested of the defendant Levy in writing in part as follows:

"While it has been customary in this locality for Banks to allow demand first mortgages to stand for an indefinite period without reduction, we wish it distinctly understood that we shall require semi-annual payments upon the principal.

"Until and unless we advise you otherwise the payments required on the principal of this loan will be as follows: Payment of Six Hundred Twenty-five (625) Dollars on July 1, 1947, on the principal of said loan and every six months thereafter, with interest on all unpaid balances at the rate of five per centum (5%) per annum, payable semi-annually in advance on the first days of January and July in each year."

In response thereto and as part of the same agreement the defendant stated in writing signed by him as follows:

"I hereby accept the loan of TWENTY-FIVE THOUSAND (25,000) DOLLARS on my property located on Ripton Road; Shelton, Connecticut, with the understanding that minimum payments will be required as above stated, without prejudice to your right to demand payment in full at any time in accordance with the tenor of said note."

This agreement was not recited in the mortgage deed. The defendant Levy executed a mortgage deed to the defendant Hartenberg dated July 2, 1948, covering the same property, which deed was recorded in Shelton Land Records on July 21, 1948.

On August 18, 1950, the plaintiff commenced this foreclosure action against eight defendants, including the defendant Hartenberg, to foreclose its said mortgage. On October 13, 1950, all of the defendants having appeared, the court defaulted them for failure to disclose defenses and entered judgment of foreclosure. The total debt was found to be $23,208.17, which included principal on the note then reduced to $21,875. On January 19, 1951, upon stipulation of the parties, the judgment of foreclosure as to defendant Hartenberg was opened. On May 18, 1951, defendant Hartenberg filed his answer, special defense and cross complaint to which special defense and cross complaint the instant demurrer is addressed.

"The rule uniformly held in this jurisdiction and elsewhere is, that the mortgage deed should show by its record the real nature of the debt or transaction involved so far as it can be disclosed, and enable a creditor or other person interested to determine the real facts, or at least suggest some means of determination. . . . 'What is reasonable notice, in certain cases, has been a question. Certain points, however, we think, are settled: that if a mortgage is given to secure an ascertained debt, the amount of that debt ought to be stated: that if it is intended to secure a debt not ascertained, such *data* must be given respecting that debt as will put any one interested in the inquiry, upon the track leading to a discovery: and if given to secure an existing or future liability, the foundation of such liability must be set forth.' " *Lampson Lumber Co. v. Chiarelli,* supra, 306.

In the instant case the mortgage is given to secure an ascertained debt and the amount of the debt is stated in the mortgage deed by the recital of the note therein. The note was recited with reasonable certainty. Even if it were to be said that the

principal of the note became unascertainable by reason of amor-
tization the amount actually due at any time could have been
easily obtained by the defendant from the plaintiff. See *First
National Bank* v. *National Grain Corporation,* 103 Conn. 657,
663.

The court in *Winchell* v. *Coney,* 54 Conn. 24, in discussing
the question of certainty required in the description of debts
secured by mortgage in general and more particularly as to the
interest stated in the mortgage, said (p. 27): "The object . . .
[of the mortgage] is to identify the note or debt secured by the
mortgage and give reasonable notice of the extent of the in-
cumbrance. All the terms of the note are not essential to that
object; hence all need not be stated. The particularity required
in making a contract is not required in describing it." And
again (p. 31) it is said: "There is no hardship in requiring
him to resort to the holder of the notes for information. Sup-
pose the mortgage had stated in terms that the interest was pay-
able annually; even then, if a purchaser would obtain exact
information he must make inquiry. From the nature of the
case the mortgage could not tell how much interest would re-
main in arrears at any subsequent time. If important, he may
as well inquire to ascertain when interest is payable as to ascer-
tain how much is unpaid." See also *King* v. *Kilbride,* 58 Conn.
109, 119.

The defendant in his brief has cited a number of cases, which
the court will now briefly discuss, which he claims sustains his
contention. While these cases cite the general rule as set forth
above in the *Lampson Lumber Co.* v. *Chiarelli* case, yet an
examination of the cases discloses their respective facts to be
much different from the instant case.

In *Pettibone v. Griswold,* 4 Conn. 158, the condition of the
mortgage recites that in addition to one certain note that it
was to secure "all other notes the said grantee might indorse
for or give for said Griswold." Thus, unlike the instant case,
the said mortgage was given to secure in part notes which were
very indefinite.

In *Hart* v. *Chalker,* 14 Conn. 77, the amount of the note
was not specified in the condition of the deed. This is not, of
course, the situation in the instant case. At page 79 in said
case it is said "Thus the record is made to show the real state of

the title, so far as it can be known; and as little room as possible is left for the substitution of fictitious claims." Certainly no room is left in the instant case for the substitution of fictitious claims.

In *Shepard* v. *Shepard,* 6 Conn. 37, the mortgage was given to indemnify as to one particular note indorsed and as to all other notes hereafter indorsed. And much similar to the above is the case of *North* v. *Belden,* 13 Conn. 376. *Sanford* v. *Wheeler,* 13 Conn. 165, held a mortgage not to be good as to the part securing one for surety for debts. In *Matz* v. *Arick,* 76 Conn. 388, part of the note there given was to secure due bills in the future upon certain stages being reached in the erection of a building. None of those situations appear in the instant case.

The defendant cites at some length from the case of *Stein* v. *Davidson,* 110 Conn. 4, which from examination shows it to involve a construction mortgage which was held valid with the exception that the amount claimed for money advanced before a certain stage of the construction was reached was not allowed as a part of the debt. That case also does not avail under the facts of the instant case.

The defendant also relies to a great extent in his brief and also in oral argument on the recent case of *Andrews* v. *Connecticut Properties, Inc.,* 137 Conn. 170. In that case it appears that the note and mortgage in suit were collateral security by agreement for the payment of another note. The agreement was not discussed in the closing and was not recorded. The court pointed out (p. 173) that "The note in suit might or might not have become due." It certainly cannot be said that the note and mortgage in the instant case were given as collateral security. They were given to secure the payment of money actually loaned by the plaintiff to the defendant Levy. There is no uncertainty as to the note becoming due. Here again the facts in the *Andrews* case distinguish it from the case at bar.

The note recited in the plaintiff's mortgage deed showed the amount of indebtedness and that it was payable on demand and further showed the rate of interest and when it was payable. The amortization agreement did not change this. There was no fraudulent attempt to conceal and no chance to substitute another or greater debt for the one shown. The nature of the transaction was stated with reasonable accuracy. No prejudice or injury could come to this defendant Hartenberg by reason of

the mortgage debt being reduced by amortization payments. The amount of principal and interest could have been readily ascertained at any time upon inquiry of the plaintiff.

For the reasons given herein, the plaintiff's demurrer ought to be sustained.

The demurrer is sustained as to the special defense and the first count of the cross complaint on the grounds stated in the demurrer.