*Windham,*
July,
1825.

Woodstock
*v.*
Hooker.

—◦◦◦—

## Shepard *against* Shepard and another :

### IN ERROR.

A party seeking the aid of a court of chancery, must shew, distinctly and unambiguously, all the facts necessary to entitle him to that aid.

A surety, who has taken a mortgage for his indemnity, is not entitled to a foreclosure, until he has paid the debt of the principal.

Therefore, where the plaintiff in a bill to foreclose a mortgage, given to indemnify him against a note for 800 dollars indorsed by him, and against three other notes subsequently indorsed, amounting to 800 dollars, averred, that " he had been compelled to pay, and in fact had paid, on said notes, the proper debt and duty of the mortgagor, the sum of 800 dollars ;" this averment was held to be insufficient, not only with respect to the first note, for the whole sum paid might have been applied on the other notes, but with respect to the other notes also, as it only shewed a payment to that amount on some one or more of them, without shewing specifically on what note or notes the payment was made.

The condition of a mortgage deed must give reasonable notice of the incumbrance on the land mortgaged.

6   37
73   320

Windham,
July,
1825.

Shepard
v.
Shepard.

Therefore, where the condition of a mortgage deed was, that the mortgagor should indemnify the mortgagee against a certain note indorsed by him, and all other notes thereafter indorsed by him, for the benefit of the mortgagee, not exceeding in amount a certain sum; it was held, that such deed was void, with respect to the latter notes, as against a subsequent incumbrancer.

This was a bill in chancery for the foreclosure of a mortgage. The bill stated, That *Isaac Shepard*, one of the defendants, being under the necessity of raising money for the prosecution of his business, applied to the plaintiff to become indorser for him, and proposed to secure him, by mortgage; that the plaintiff indorsed one note, signed by *Isaac Shepard*, for his use and benefit, for 800 dollars, dated the 19th of *September*, 1820, payable, at the *New-London Bank*, 60 days from date, and the plaintiff, at the same time promised to indorse for him other notes, as his necessity and convenience should demand, not exceeding, at one time, 1200 dollars; that *Isaac Webb*, on the same day, executed to the plaintiff a mortgage of certain tracts of land, the condition of which was as follows: "That whereas said *Abraham*, (the plaintiff) has, at my request, and for my benefit, indorsed my note, of the date hereof, for 800 dollars, payable at the *New-London Bank*, in 60 days, and proposes to indorse and further to be security for me; now, in case I pay said note and all other notes hereafter indorsed, by said *Abraham*, for my use and benefit, and by me given, not exceeding, at any one time, 1200 dollars, and wholly indemnify him, then the present deed is to be void;" that afterwards, the plaintiff, for the sole use and benefit of *Isaac Shepard*, indorsed for him sundry other notes, and particularly the three following, *viz.* one for the sum of 475 dollars, dated *December*, 23rd, 1823, another for 100 dollars, dated *January* 13th, 1824, and the other for 225 dollars, dated *January* 30th, 1824, all signed by *Isaac Shepard*, payable in sixty days after the dates respectively, at the *New-London Bank*, and there negotiated; that the plaintiff has since been compelled to pay, and in fact has paid, on said notes, the proper debt and duty of *Isaac Shepard*, the sum of 800 dollars; that after the date of said mortgage, *viz.* in the year 1823, *Isaac Shepard*, mortgaged the premises to *Joshua Webb*, who afterwards assigned the mortgage to *Harper, Arcularius & Co.*; that the premises are of the value of 800 dollars, and of no greater value than the amount due from *Isaac Shepard* to the plaintiff.

On a demurrer to this bill, by the defendant, *Webb*, the superior court adjudged it insufficient. On motion of the plaintiff, the record was transmitted to this Court, for revision in error.

*Cleaveland,* for the plaintiff, contended, That the mortgage debt was sufficiently described in the condition of the mortgage deed. The plaintiff had entered into a contract with *Isaac Shepard* to indorse his notes for a sum not exceeding 1200 dollars; and the mortgage was given to indemnify the plaintiff against this contract. That a mortgage to indemnify the mortgagee against an indorsement made by him for the benefit of the mortgagor, is valid, was decided in *Brinckerhoff* & al. v. *Lansing* & al. 4 *Johns. Chan. Rep.* 65. 73.—a point indeed which has never been questioned. The *subject matter* of the mortgage is stated with precision; and the *amount* of the incumbrance appears with as much accuracy as it can, in any case, being limited to 1200 dollars. Every mortgage debt is liable to be reduced by payments, which do not appear on the record: if the *maximum* appears, it is sufficient notice. A creditor or subsequent incumbrancer can ascertain the amount due, in this case, as well as if a note had been given for 1200 dollars, on which payments had been made. The grounds on which the mortgage in *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158. was held to be void, do not exist in this case. But the bill shews not only the *maximum*, but the existing amount of the debt, *viz.* 800 dollars, being the sum actually paid on *Isaac Shepard's* notes.

*Brainard* and *Eaton,* for the defendants, insisted, 1. That the note for 800 dollars, first given, and secured by the mortgage, was not paid by the plaintiff. The bill avers only, that the plaintiff has paid *on said notes* the sum of 800 dollars. This he might have done, without paying any part of the first note. A court of chancery will not interpose, on the statement of a case, which may, or may not, entitle the party to relief.

2. That as against *Webb* and his assignees, the mortgage, with respect to the notes subsequently given, was void. This part of the case is governed by *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158. Here, as in that, the subject of the mortgage was indefinite, and to come into existence *in futuro.* Here, the mortgage was intended to secure *all other notes hereafter indorsed, by the mortgagee, for the benefit of the mortgagor;* there, *all other notes the mortgagee might indorse or give for the mort-*

*Windham,*
July,
1825.

*Shepard*
*v.*
*Shepard.*

*gagor, and all receipts the mortgagee might hold against the mortgagor.* The only difference is, that here the amount of the notes referred to, is *limited*; but this circumstance cannot vary the principle.

3. That no mortgage debt whatever, was stated with sufficient certainty. If this mortgage be good for any purpose, it is to indemnify the plaintiff against his indorsement of certain notes, specified in the bill. Now, it does not appear, that the plaintiff has paid all, or any one, of these notes. He says, that he has paid 800 dollars *on them;* but he does shew how much he has paid on *each*, or *any one* of them. The defendant cannot come prepared to meet so vague a claim.

HOSMER, Ch. J. That the mortgage to *Webb* was before the giving of the notes by the mortgagor to the mortgagee, except the one for 800 dollars, is unquestionable. The plaintiff can have no fact assumed in his favour, unless he has averred it, or unless it arises by necessary inference. Now, it is not alleged, that the notes in question were given before the mortgage to *Webb;* and even the first of them, made on the 23rd of *December*, 1823, by construction, must be taken to have been given after; as the mortgage is averred to have been executed in 1823, no other date being set forth, and compatible with all the averments, may have existed as early as the summer or spring of that year.

With respect to the note for 800 dollars, the mortgage of *Isaac Shepard* was undoubtedly valid. The plaintiff appears in the character of a surety, and before he has any cause of action, must have paid the above note, in whole or in part. From the bill nothing to this effect appears. In relation to all the notes before mentioned, the plaintiff avers, that "he has paid *on said notes* the sum of 800 dollars." Now, all this may be admitted, and yet it may be true, that the plaintiff has paid nothing on the note for 800 dollars. The other notes distinctly specified amount to that sum precisely; and sundry other notes referred to, not particularized, may have been of a greater amount. It is, therefore, clear, that the plaintiff has not averred payment, nor does it appear, that of the note for 800 dollars he has paid any part.

As to the other notes, they were never, so far as relates to *Webb* and his assignees, embraced by the mortgage. The expression that the mortgage is to be a security "for any and all

other notes heaeafter endorsed," is perfectly indefinite. It refers to no subject matter, nor is limited to any time. No creditor, on inspecting the record, can know whether there is any lien on the premises mortgaged, except the 800 dollars, nor be furnished with any means of information on the subject. This case falls precisely within *Pettibone* v. *Griswold,* 4 *Conn. Rep.* 158. and the opinion expressed more recently in *Stoughton* v. *Pasco,* 5 *Conn. Rep.* 442.

A bill in chancery for foreclosure, on sufficient averment, is sustainable against *Isaac Shepard* only ; and in this case, if the plaintiff had pleased, the bill might have been commenced, by motion to the court. But on the joint plea of the defendants to its insufficiency, if the court were bound, in any event, to make any discrimination, there were not averred the requisite facts, to authorize this course. It no where appears, that the plaintiff had paid any one or more of the notes in particular ; and on this point the allegations were defective through entire uncertainty.

The averments are as insufficient, in relation to the payment of the notes, under the second clause of the mortgage, as to the payment of the 800 dollars, embraced by the first clause. They essentially amount to an allegation of payment, on some one or more of the notes referred to, and to nothing more. This, most certainly, is not equivalent to an averment, that any one of the notes in particular was paid ; and unquestionably, this defect cannot be relieved, by the proof of facts, whereof the defendant has not had legal notice. The plaintiff should have specifically pointed out the notes, which he claims to have paid, and not left this a subject of conjecture until the trial, and then come out with evidence in support of the payment of a part of them. This would take the defendant entirely by surprise.

The other Judges were of the same opinion.

Judgment affirmed.