## GILMAN v. MOODY.

Where three mortgages are executed and recorded at one and the same time, it becomes a matter of fact for the jury to determine which of the number is to have priority, by showing the delivery of the one intended by the parties first to take effect.

The circumstance that different times were fixed, in the condition of the deeds, for the payment of money, or the performance of the thing to be done, was not competent evidence to submit to the jury to determine the fact of priority.

It is not necessary that all the particulars of the debt to be indemnified against, or the thing to be done, should be specified in the deed. It is enough that the debt be described with reasonable certainty. The part that is incorrect in the description may be rejected, when enough remains to identify the note or thing to be done, as set forth in the condition of the deed.

WRIT OF ENTRY. Plea, the general issue. The plaintiff made title to the demanded premises, under a mortgage to himself from one Lamprey, dated November 26, 1856, and recorded, having been received for record November 27, 1856, at fifteen minutes past 7 o'clock A. M. Its condition was, "If the said Lamprey shall, within three years, indemnify said Gilman against all loss," &c., "to which he may be subjected by reason of signing a note to Nathaniel Davis for $60, with interest, at the request of said Lamprey, as his surety," &c.

The plaintiff testified that he never signed any $60 note with Lamprey; that he signed but one note with Lamprey, and as surety for him, and that was payable to Nathaniel Davis; that he could not give the exact date of it, but it was dated sometime in July, 1855, according to his recollection; that he signed it, in fact, as surety for Lamprey, but he thought the word "surety" was not on the

note; that this note was for $71, payable on demand, with interest, but he could not tell whether annually or not. It had been previously admitted by the defendant that this $71 note had been destroyed by a fire.

To the foregoing evidence the defendant objected, upon the ground " that there was a substantial variance between the note. described in the condition of the mortgage, and the note proved." The court overruled the objection and admitted the evidence, and the defendant excepted.

The defendant introduced, without objection by the plaintiff, certain admissions of the plaintiff that he had signed a $60 note, payable to Nathaniel Davis, as surety for Lamprey, and also that his claim under the mortgage was founded upon a $60 note, and that the note which the mortgage was given to indemnify him against was as described in the condition of the mortgage, as evidence tending to show that such a note as was described in the condition of the mortgage was outstanding at the time of its execution. Upon this branch of the case, the court, among other instructions given to the jury, charged them that if, at the time of the execution of the mortgage, there was outstanding a note for $71, payable to Nathaniel Davis, with interest, signed by Lamprey, and by the plaintiff as his surety in fact, whether it appeared on the note that he was surety or not; and if that was the only note payable to Nathaniel Davis, signed by Lamprey and the plaintiff, outstanding at that time, then that would be the note the plaintiff was indemnified against by the mortgage; but if there was, at the time of the execution of the mortgage, outstanding, a note for $60, payable to Nathaniel Davis, with interest, signed by Lamprey, and by the plaintiff as his surety in fact, whether it appeared on the note that he was surety or not, then the $60 note, and not the $71 note, would be the one against which the plaintiff was indemnified by the mortgage—to which instructions the defendant excepted. Lamprey, who was living at Alton, was not called as a witness by either party, and Nathaniel Davis was dead. In the course of the trial, the defendant produced a paper which he testified was handed to him by Lamprey; and the defendant's counsel proposed to ask the defendant, " Whether, when he presented to you the note, Lamprey stated to you what signatures were originally upon the note?" also, " Whether Lamprey presented this note or represented it as the $60 note described in the plaintiff's mortgage?" also, "Whether Lamprey represented that he had paid the note to Nathaniel Davis and taken it up?"—to each of which questions the plaintiff objected, and the court sustained the objections, and did not allow the questions to be asked; and the defendant excepted. Thereupon the defendant offered the paper itself as evidence. It read as follows:

" ALTON, May 3, 1855.

"For value received, we jointly and severally promise to pay Nathaniel Davis, or order, sixty dollars on demand, with interest annually."

The usual place for signature was torn off. The court sustained

the plaintiff's objection to this paper, and rejected it; and the defendant excepted.

The defendant introduced his title as purchaser of the equity of redemption in the demanded premises, under a deed from Lamprey, dated July 7, 1857, and as assignee of two mortgages of the premises, each dated November 26, 1856, and recorded, each having been received for record November 27, 1856, at fifteen minutes past seven o'clock A. M.: one from Lamprey to Hinckley, with the condition that, "If said Lamprey shall, within one year, indemnify said Hinckley against all loss," &c., "to which he may be subjected by reason of signing a note to John Smith, for $112, with interest, at the request of said Lamprey, and as his surety," &c.; the other from Lamprey to Flanders and others, with the condition that, "If said Lamprey shall indemnify, within two years from the date hereof, said grantees against all loss," &c., "to which they may be subjected by reason of signing a note as sureties of said Lamprey, dated November 27, 1854, for $84.85, with interest annually, at his request, payable to Jeremiah Gilman," &c.

Question was made whether the three mortgages were simultaneous, or if not, which was prior in its execution and delivery; and upon these points some evidence was introduced. The defendant asked the court to instruct the jury that, in determining these questions as to the priority of the mortgages in execution and delivery, they might consider the times fixed in the conditions of the respective mortgages for the performance of the conditions, as evidence upon these questions of priority. The court declined to do so, and instructed the jury that the circumstance of such different times being so fixed was not competent evidence upon the questions whether either, and if either, which mortgage was executed and delivered first; to which the defendant excepted.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside.

*Ira Perley*, and *J. M. Moody*, for the defendant.

By the statute, no estate in land can be incumbered, unless the condition inserted in the conveyance states " the sum of money to be secured, or other thing to be performed." The condition in this case does not state the sum intended to be secured. The sum stated is $60, and the parol evidence showed the sum of $71 as intended to be secured, which is a different and substantially larger sum, larger by more than eighteen per cent. This is not the case of a defective description. The description is substantially false, and does not give to a creditor or purchaser the information required by the statute, which intended that the record should give parties interested information of the extent of the incumbrance. If evidence can be admitted to show an incumbrance larger than that stated in the record by eleven dollars and by eighteen per cent, the court can fix no limit; and a purchaser may find land incumbered by a sum substantially larger than that stated in the record, to which the law sends him for information. It must appear from the record, with reasonable certainty, that the note produced was the note intended

to be secured. But how could it be supposed that a note for $71 was intended by the description of a note for $60. *Webb* v. *Stone*, 24 N. H. 282.

The cases—certainly those in this State—do not afford any authority for the position that a note substantially larger than that described in the mortgage can be shown by parol evidence to have been intended to be secured.

1. To incorporate with a written contract an incongruous parol condition is contrary to first principles. *Hoare* v. *Graham*, 3 Camp. 57; 1 Pars. Cont. 7.

2. Parol evidence may be admitted only to show which of two things is meant, when the description is equally applicable to both. *Althan's Case*, 8 Rep. 155, a. Parol evidence may explain but not contradict written language. 2 Pars. Cont. 75. If the meaning of the instrument, by itself, is intelligible and certain, extrinsic evidence is admissible to identify its subjects and its objects, or to explain its recitals and its promises, so far, and only so far, as this can be done without any contradiction of or any departure from the meaning which is given by a fair and rational interpretation of the words actually used. 2 Pars. Cont. 76. It can not be shown that the word "sixty" was inserted by mistake, and that the parties intended to have written the words "seventy-one." *Miller* v. *Trovers*, 8 Bing. 244. Parol evidence is inadmissible to contradict or vary a written contract. *Bullen* v. *Runnels*, 2 N. H. 255; *Barry* v. *Morse*, 3 N. H. 132; *George* v. *Harris*, 4 N. H. 533; *Hodgdon* v. *Waldron*, 9 N. H. 67; *Crosby* v. *Wyatt*, 10 N. H. 318; *Merrimack County Bank* v. *Brown*, 12 N. H. 320; *Brock* v. *Steel*, 12 N. H. 82; *Low* v. *Blodgett*, 21 N. H. 121. Evidence that a mortgage was made to indemnify a mortgagee upon any other transaction than that named in the condition, is inadmissible. *Clark* v. *Hobbs*, 11 N. H. 122. An unambiguous expression in a deed can not be contradicted by parol evidence. *Proprietors of Claremont* v. *Carlton*, 2 N. H. 369. Parol evidence can not be substituted for what the law requires to be in writing. *Greely* v. *Quimby*, 22 N. H. 335. All conveyances of land must be in writing, and under seal, attested, &c.; and no conveyance in writing of lands shall be defeated, nor any estate incumbered by any agreement, unless it is inserted in the condition of the conveyance, and made a part thereof, stating the sum of money to be secured, or other thing to be performed. Comp. Stat. 290, sec. 2. Under the statute relating to personal mortgages, it has been held in this State that the condition of the mortgage need not contain all the particulars of the note; but, if a general description be contained in the mortgage, that, although there are other particulars, it will be *primâ facie* the note intended; *Robertson* v. *Stark*, 15 N. H. 109; and parol evidence will not be admitted to further identify it, unless it appear with reasonable certainty to be the note intended. *Webb* v. *Stone*, 24 N. H. 282. And the reason stated in this last case is, that "there is nothing in our statute, relative to personal mortgages, which prescribes a different rule as to description of the debt secured from that required by common law."

These decisions have, however, been overruled by the decision in *Hill* v. *Gilman*, 40 N. H. 88 : " To carry out the intention of the Legislature, we think that all of the material requirements of the statute must be complied with."

*Avery*, and *Woodman*, for the plaintiff.

NESMITH, J.   This case presents the fact that the mortgage deed, under which the plaintiff claims to establish his title to the demanded premises, as well as the two other deeds of mortgage, under which the defendant, as assignee, claims to protect himself, were severally made and delivered on the same day, by one Lamprey, and intended as indemnity to the mortgagees for signing, as sureties, three different promissory notes for said Lamprey, as principal ; also, that the three deeds were afterward presented at the register's office, in this county, at the same time, and all recorded on the same day and hour.   There was nothing upon the face of the deeds, nor upon any part of them, in writing, to indicate with certainty the purpose or intent of the mortgagor as to priority of right in the mortgagees.

The question here is, whether the plaintiff is entitled to the priority of right found by the jury in his favor.   Mortgages are often given by way of indemnity to sureties, and, in such cases, it is held that, if the principal fails to pay the debt at maturity, and thereby subjects the surety to the liability of a suit, it will be such a breach that the mortgagee may proceed to take possession, for condition broken ; *Shaw* v. *Loud*, 12 Mass. 449 ; though it would seem he can not have a judgment or decree for a foreclosure until he has paid the debt of the principal.   *Shepard* v. *Shepard*, 6 Conn. 37 ; 1 Wash. Real Prop. 599 ; 1 Hill. Mort. 295.   Where a mortgage is given to indemnify a surety on a note, proof of the execution and registry is *primâ facie* evidence of title, without producing the note, which is not presumed to be in the possession of the mortgagee. The burthen of proof is upon the party that denies the existence of such note.   *Davis* v. *Mills*, 18 Pick. 394.   The general principle is, that mortgages duly recorded have preference according to the order in which they were made and executed.   A second mortgagee stands in the place of the mortgagor, as to his right of redeeming the first mortgage.   So in reference to further mortgages of the same property.   So incumbrances are paid off in the order of priority of right.   1 Hill. Mort. 222 ; 1 Wash. Real Prop. 537.   "*Qui est potior in tempore, potior est in jure.*"   This general rule has its modifications.   The priority of registration gives no precedence of right against a prior mortgage, of which the junior mortgagee had notice when he took his mortgage.   *Rogers* v. *Jones*, 8 N. H. 264 ; *Copeland* v. *Copeland*, 25 Me. 152.   Therefore, so far as the parties are concerned, or those who have knowledge of the existence of a prior deed, registration is not essential to its validity.   *Brown* v. *Manter*, 22 N. H. 468 ; *Sullivan* v. *McKean*, 1 N. H. 373.   Parol evidence, therefore, must, in this instance, be resorted to to supply the defects of the ordinary sources of proof, which appear, generally, either on

the face of the deeds, or in written instructions of the parties interested, and given when the deeds are offered for record. For proof, we must go to the witnesses of these deeds of mortgage, and inquire what was said and done at the time of their delivery. To whom, in fact, was the first delivery made? The subscribing witnesses to the deeds may fairly be presumed to know what the parties did, or intended to do. Lamprey, the mortgagor, is a competent witness, and may have been called to testify. He could have been properly inquired of whether it was his intention to place the several grantees *in equali jure,* or whether a preference was intended or given to either mortgagee.

In establishing the fact of notice of a prior incumbrance, the mortgagee is himself a competent witness. *Van Wagoner* v. *Hoppin,* 4 Hals. 684.

Another and material point in the case is, was the plaintiff's mortgage given to him as an indemnity for signing a note as surety for Lamprey, as principal, for $71 and interest, payable to Nathaniel Davis, on demand, instead of a note for $60. Said note is admitted to be now consumed by fire. And whether there is, consequently, such a substantial variance between the note described in the condition of the deed and the note proved, as to defeat the deed, becomes an important question. The second section of chapter 137 of the Revised Statutes prescribes, " That no conveyance in writing of any lands shall be defeated, nor any estate incumbered by any agreement, unless it is inserted in the condition of the conveyance, and made part thereof, stating the sum of money to be secured, or other thing to be performed." The thing to be performed here, or the object of the deed of mortgage, was to indemnify the plaintiff against loss in consequence of ,signing the note to Davis, as surety for Lamprey, the mortgagor.

We must inquire whether the intent of the parties to the instrument can not be so far ascertained and enforced, as that the thing designed to be done may be fully perfected without violating the acknowledged principles of law governing the construction of deeds of this nature. Where a part of the description of the note mentioned in the condition of the deed is actually incorrect and untrue, the court simply reject the incorrect parts and are governed by the residue. This principle of construction is familiar in its application to the names of persons in the instrument and to the description of property intended to be conveyed. The description may not agree in some particulars, and one part may be inconsistent with another ; but if the description be sufficient to ascertain the property or person intended, the inconsistent part may be rejected. The same principles apply with equal force to the description of the debt in the condition of the deed, as to the property or person named in the deed. It is not necessary that all the particulars of it should be specified, in order to identify it as the note intended to be secured. It is sufficient that it be so far described that it appear with reasonable certainty to be the note intended to be secured in the mortgage. *Webb* v. *Stone,* 24 N. H. 487. A general accordance in the description of the note is sufficient. In *Johns*

v. *Church*, 12 Pick. 560, the note described in the condition of the mortgage was stated to be $236. The note produced on trial was for $256, in other respects corresponding with the note described in the condition of the deed. This was held sufficient by the court, upon the evidence that the note was the same which the plaintiff had signed as surety. The amount of the note is but one of the particulars by means of which the note may be identified. Looking at the note that the mortgagor was intending by his deed to provide an indemnity for, we find here the following coincident facts, concurring to render it probable that the note for $71 was the thing intended by the parties to be provided against: 1. The note was made payable to Davis, as the holder of the security. 2. It was signed by the plaintiff and Lamprey, both the parties to the deed, the one as principal, the other as surety. 3. It is not pretended that there originally was, at the time of the making of the deed, but one note made. 4. Perhaps another point of identity could have been arrived at, if the plaintiff could have remembered or stated the fact that the original $60 note was given to Davis, May 3, 1855, and renewed in November, 1856, and that the $71 note was then made up by charging twelve per cent interest on the original note in the meantime.

However this fact might be, we think it was properly submitted to the jury, whether the $71 note was the one intended by the instrument to be indemnified against, by Lamprey, the mortgagor, in the manner suggested by the court.

Where the facts sufficiently appear upon the face of the deed, and there is no latent ambiguity as to the note intended, it then is a question of law. But whether there was more than one note originally signed by the parties, and made payable to Davis, was a question of fact, and properly settled by the jury. The case of *Boody* v. *Davis*, 20 N. H. 146, appears to be decisive upon the merits of this case. The sayings or declarations of Lamprey, offered by the defendant, were properly rejected by the court, as hearsay testimony. It was competent for either party to have called Lamprey to prove the same facts. So the court—we think properly—rejected the testimony offered by the defendant, arising from the fact that the notes mentioned in the several mortgages were made payable at different times, and therefore, competent evidence upon the point of priority. This could not be considered the best evidence on this point, and nothing else than vague and indefinite testimony, furnishing no safe inference as to the true intent of the parties. Therefore, such evidence was properly rejected. Therefore, upon the case, there must be

*Judgment on the verdict.*