Hubbard *against* Savage and others.

*Middlesex,*
July, 1830.

Hubbard
*v.*
Savage.

| 8 | 215 |
| 74 | 408 |

Where the condition of a mortgage deed, executed, on the 18th of *May*, by *B.* to *A.* was, " that whereas *A.* has indorsed for *B.* a note for 1000 dollars, and has agreed to indorse 1000 dollars in note or notes, hereafter, when requested; if *B.* shall well and truly pay the said notes according to their tenor, said deed is to be void ;" on the 16th of *June* following, *A.* indorsed for *B.* a note for one thousand dollars, which *A.,* on the default of *B.,* was obliged to pay ; and in *November* following, *C.,* a *bona fide* creditor of *B.,* took security for his debt on the property so mortgaged to *A.;* on a bill of foreclosure, brought by *A.* against *C,* it was held, that said mortgage was a valid security for the indorsement of the second note, as against *C.*

In the absence of all fraudulent intention, a mortgage to secure against future liabilities, described with reasonable certainty, is valid.

Notice of a prior incumbrance in fact, which is void in point of law, will not affect the right of a legal incumbrancer.

This was a bill in chancery for the foreclosure of mortgaged premises.

On the hearing, at *Middletown, February* term, 1829, before *Bissell,* J., the following facts were found. On the 18th of *May* 1825, *John S. Towner,* being desirous of borrowing the sum of 2000 dollars, applied to *Richard Hubbard* to indorse for him his two promissory notes for 1000 dollars each ; which *Hubbard* agreed to do ; and on the same day, indorsed one of them. *Towner* thereupon mortgaged to *Hubbard* the property of which the bill seeks a foreclosure, by a deed duly executed and recorded, the condition of which was as follows : " Whereas the said *Hubbard* has indorsed for said *Towner* a note for 1000 dollars, payable at the *Middletown Bank,* and has agreed to indorse the renewal notes thereon, and 1000 dollars in a note or notes hereafter, when requested, with the renewal notes thereon ; if the said *Towner* shall well and truly pay the said notes according to their tenor, then said deed is to be void." On the 16th of *June,* 1825, *Hubbard,* in pursuance of his agreement, indorsed for *Towner* another note for 1000 dollars, payable at the *United States Branch Bank* in *Hartford.* The latter note, when it became due, *Towner* neglected to pay ; and it was paid by *Hubbard.* The defendant, *Savage,* was a *bona fide* creditor of *Towner* to a large amount ; and in *November,* 1825, took a deed of the land in question as security, knowing all the facts above stated. *Nehemiah Hubbard,* the plaintiff, is the assignee of *Richard Hubbard.*

Hubbard
*v.*
Savage.

The case was reversed for the advice of the supreme court of errors, as to what decree ought to be passed.

*Sherman,* for the plaintiff, contended, That the second note, *viz.* the one indorsed on the 16th of *June,* was a valid incumbrance on the mortgaged premises as against the defendant, *Savage.* There is no exception to the rule, that if a creditor takes security upon an estate previously incumbered, with notice of the prior incumbrances, he must hold subject to those incumbrances. Lord *Forbes* & al. v. *Deniston* & al. 4 *Bro. Parl. Ca.* 189. (*Toml.* ed.) *Le Neve,* v. *Le Neve,* 3 *Atk.* 646. 654. S. C. 1 *Ves.* 64. 66. *Blades* v. *Blades,* cited 3 *Atk.* 654. *Hine* v. *Dodd,* 2 *Atk.* 275. *Sheldon* v. *Cox* & al. *Ambl.* 624. 626. *Morecock* v. *Dickins* & al. *Ambl.* 678. The ground of the determinations in these cases, is, that the taking of security on the estate, with notice of a prior right in another, is an act of *mala fides,* a species of *fraud.* 1 *Atk.* 654.

The cases in *Connecticut,* in which the first mortgage has been set aside in favour of a subsequent incumbrancer, proceed distinctly and exclusively on the ground of *uncertainty* in the description of the debt or liability, which is attempted to be secured. In *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158. the condition of the mortgage deed was considered as being " dangerously indefinite," and as being " at war with the policy of the recording system," because it did not " give reasonable notice of the incumbrance on the land mortgaged." In *Stoughton* v. *Pasco,* 5 *Conn. Rep.* 442. the court recognized the same principle ; but held, that the case was not within it, as the description of the mortgage debt was sufficiently certain. The same principle was applied to the case of *Shepard* v. *Shepard* & al. 6 *Conn. Rep.* 37. where the condition was considered as " perfectly indefinite," referring to no subject matter, and limited to no time. In the present case, there is no uncertainty in the description of the mortgagee's liability. The *subject matter* is a note for 1000 dollars, which the mortgagee *agreed* to indorse on request, and which he *did* indorse, long before the defendant took his security. A more precise description can hardly be imagined. It is, surely, not objectionable on this ground.

But it is said, that the liability was, in relation to the mortgage, *future.* Is there any law prohibiting security against a future specific liability ? The cases cited do not go to invali-

date such security ; and in *Crane* v. *Deming* & al. 7 *Conn.* Rep. 387. it was directly decided, that a mortgage to secure further advancements, was valid. The same doctrine had been previously established, by the supreme court of the *United States*, in the case of *The United States* v. *Hooe*, 3 *Cranch*, 73. 88.

*Middlesex,*
July, 1830.

Hubbard
*v.*
Savage.

*N. Smith* and *Barnes*, for the defendant *Savage*, contended, That the mortgage was not a valid security for the note subsequently indorsed. The case is within the principle of *Pettibone* v. *Griswold* and *Shepard* v. *Shepard*. In the former case, the mortgage was given to secure the mortgagee for notes which he might *thereafter* indorse or give for the mortgagor, and for receipts which he might *thereafter* hold against the mortgagor. The latter case bears a still closer resemblance to the present. There, the mortgage was given to secure the mortgagee against a certain note already indorsed by him, and other notes *thereafter* to be indorsed by him, for the mortgagor, within a limited amount. This mortgage was held to be void, except as to the note first indorsed ; because no creditor, on inspecting the record, could know whether there was any lien on the premises, except that note, nor be furnished with any means of information on the subject. In the case before the court, the mortgage was given to secure the mortgagee against a note already indorsed, and a note or notes, of a certain amount, *thereafter* to be indorsed for the mortgagor, on his request. There is scarcely a circumstantial difference between the two cases, and none in principle.

If the defendant had taken his security after the execution of the plaintiff's mortgage and before the indorsement of the second note, it is clear that it would have prevailed against that note ; for it would be monstrous to hold, that a security so taken, not only without *notice*, but without the *existence*, of a prior incumbrance, could be defeated, by a liability *subsequently* incurred. But the plaintiff's mortgage was, originally, either valid or void. It is the *deed*, which creates the lien ; and *that* is certain or uncertain *ab origine*. In the cases cited, the court go on the ground, that the *deed itself* must shew, with reasonable certainty, the *extent* of the incumbrance. If, therefore, the defendant's security, if taken before the indorsement of the note in question, would have been available, it is available now.

*Middlesex,*
July, 1830.

Hubbard
*v.*
Savage.

Further, it may well be doubted, whether the plaintiff's deed is not *totally fraudulent ;* its object and tendency being to lock up the mortgagor's property, and create a trust for himself.

In this case, the *agreement* between *R. Hubbard* and *Towner* regarding future indorsements, makes no difference. For, in the first place, that agreement was *nudum pactum* and void. But secondly, if valid, it did not make the condition of the deed more certain or definite.

Neither does *notice,* in this case, make any difference. While it informed the defendant of the existence of the plaintiff's mortgage, it also informed him, that that mortgage was void as to the second note. Notice that there is no incumbrance, will not, surely, create an incumbrance.

DAGGETT, J. The question in this case, is, whether the note indorsed by *Richard Hubbard* for *John S. Towner,* on the 16th of *June* 1825, for 1000 dollars, is a lien on the mortgaged property, so that the decree to be passed shall embrace it. This is understood, by the court and counsel, to be the only question. It may be otherwise thus stated : Is the mortgage deed of the 18th of *May* 1825, in point of law, a security for the payment of the note for 1000 dollars, indorsed on the 16th of *June* 1825, against a subsequent *bona fide* creditor with notice ?

The fact of notice to the defendant *Savage,* in my judgment, may be laid out of the case ; for if a lien was not created to the extent of the second note for 1000 dollars, by the deed, when made, it could not exist afterwards. If the deed was not valid to secure that note, it could not become valid against the defendant, by payment, nor by any knowledge which he might gain. The fact of notice of the indorsement and payment of the note might, indeed, shew, that no deception could have been practised on any creditor ; but fraud or deception is not the ground relied on. The counsel for the defendant contend, that the deed is void as a security for the note for 1000 dollars, because *R. Hubbard* was not, when the deed was executed, bound to indorse it, and of course, could not be made liable for it.

If there was any foundation laid, by the facts found, to impute fraud to *R. Hubbard* in receiving this deed,—such as an agreement to lock up the property from creditors, and thereby secure it for the grantor, or to be subject to his disposition, the

court would look with attention to such facts as presenting evidence of fraud in fact. But nothing of that kind appears, or is even suggested.

The defence rests on this narrow ground, that the deed is void as it respects the note in question, because no debt was then due or liability incurred ; and because to give effect to this deed would be to destroy our statute for the registry of all deeds of mortgage.

1. Is the deed void, because no debt was then due or liability incurred ?

The deed was upon sufficient consideration, *viz.* the agreement mentioned in the condition *to indorse upon request ;* and this could always be shewn, by his acceptance of it.

The consideration was not immoral, nor illegal, nor opposed to any principle of public policy.

I am unable to see, in the absence of all intention to deceive, how a deed given by a man indebted at the time, to secure against future liabilities, can be deemed void. If such be a principle of law, it is high time it should be known ; for in the daily intercourse of men, such deeds are very extensively given and received, and entire confidence is reposed in them as valid securities. Such was the decision in *Stoughton* v. *Pasco,* 5 *Conn. Rep.* 442. and in the more recent case of *Crane* v. *Deming* & al. 7 *Conn. Rep.* 387. Such are all mortgages to secure bail, bondsmen for sheriffs, administrators, &c.

2. It is said, that the recording act would be defeated, by giving effect to this deed. It is true, that the decisions in *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158., in *Stoughton* v. *Pasco,* 5 *Conn. Rep.* 442. and in *Shepard* v. *Shepard,* 6 *Conn. Rep.* 38. established the doctrine, that mortgages may be taken for " existing debts, existing liabilities and *perhaps* for debts to be contracted in future." Those debts and liabilities must be described with sufficient certainty to enable subsequent creditors or purchasers to ascertain, either from the condition of the deed or by enquiry *aliunde*, the extent of the incumbrance ; or from its nature, as in cases where the mortgage is for indemnity, that there is a prior lien, which may not then be capable of ascertainment. These cases go no farther ; nor can a more rigid doctrine be adopted, without subverting the fairest contracts.

I am aware, that there is a *perhaps* which precedes the class of liabilities " for debts to be contracted in future," in the opin-

ion of the Chief Justice, in *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 161. repeated in *Stoughton* v. *Pasco*, 5 *Conn. Rep.* 445. But I think it may now be erased. In *The United States* v. *Hooe* & al. 3 *Cranch*, 73. 89. Chief Justice *Marshall* says : " That the property stood bound for future advancements, is, in itself, unexceptionable. It may, indeed, be converted to improper purposes ; but it is not positively inadmissible. It is frequent for a person, who expects to become more considerably indebted, to mortgage property to his creditors as a security for debts to be contracted, as well as for that which is already due. All the covenants to this deed appear to be fair, legitimate and consistent with common usage." *Hooe* was known to be greatly indebted at the time of this conveyance.

In the case of *Shirras* & al. v. *Caig & Mitchell*, 7 *Cranch*, 34. 50. the same learned judge says : " It is true, that the real transaction does not appear on the face of the mortgage. The deed purports to secure a debt of 30,000*l.* sterling, due to all the mortgagees. It was really intended to secure different sums, due at the time from particular mortgagees, *advances afterwards to be made, and liabilities to be incurred to an uncertain amount.* It is not denied, that a deed which misrepresents the transaction which it recites, and the consideration on which it is executed, is liable to suspicion. It must sustain a rigorous examination. It is certainly always advisable fairly and plainly to state the truth. But if, upon investigation, the real transaction shall appear to be fair, though somewhat variant from that which is described, it would seem to be unjust and unprecedented to deprive the person claiming under the deed of his real equitable rights, unless it be in favour of a person, who has been in fact injured and deceived by the misrepresentation." It is readily seen, how much stronger the case under consideration is in favour of the plaintiff than that was in favour of the grantee.

In *The United States* v. *Sturges* & al. 1 *Paine's Rep.* 525. it was holden, by the circuit court of the *United States, Thompson*, J. giving the opinion, where " a mortgage was given in reality to indemnify the mortgagee, but purporting to secure a sum of money payable in one year, and five years afterwards, it was assigned, the whole sum appearing from the instrument to be unpaid, that the circumstances of the case should have put the assignee upon an enquiry, from which he would have learnt the true consideration of the mortgage." It was further

held, that " although a mortgage be absolute upon the face of it, a court of equity will enquire into the real purpose for which it was given, and apply it to that use."

The doctrine of these cases, decided where registering acts are in operation, applies, with great force, to the case under consideration. Here was no fraud;—no uncertainty. The object of the mortgage is plain, and unambiguous, and definite. In the cases from our own reports, the whole difficulty was the entire indefiniteness of the amount, for which the mortgage was made.

In *Conrad* v. *The Atlantic Insurance Company of New-York,* 1 *Pet. Rep.* 386. 448. the supreme court of the *United States* adopt the same general doctrine.

I would, therefore, advise the superior court, that the note in question is a lien upon the mortgaged property, and to be embraced in the decree.

HOSMER, Ch. J. and BISSELL, J. were of the same opinion.

PETERS, J. dissented.

WILLIAMS, J. gave no opinion, having been of counsel in the cause.

Decree for plaintiff.