Booth and others *against* Barnum and another.

A mortgage debt must be described with sufficient certainty to enable subsequent creditors and purchasers to ascertain, either from the condition of the deed or by enquiry *aliunde,* the extent of the incumbrance.

It is the settled doctrine in equity, that whatever is considered as sufficient to put a person on enquiry, is considered as conveying notice; for the law imputes to a person knowledge of a fact, of which the exercise of ordinary prudence and diligence must have apprised him.

Where the condition of a mortgage deed described one of the debts as of 30 dollars, *or thereabout*, and another as of 40 dollars, *or thereabout ;* and it was found, that the debts intended to be secured by such mortgage were justly due ; and that the former amounted to 25 dollars, 21 cents, and the latter to 59 dollars, 66 cents ; it was held, that from this condition a subsequent incumbrancer might, with proper enquiry, have ascertained the amount of the debts ; and although he had no actual notice of the first mortgage, yet the record thereof constructively affected him with notice ; and consequently, the first mortgagee ought not to be postponed.

THIS was a bill in chancery to foreclose the defendants of their right and title to certain real estate, mortgaged to the plaintiffs, by *Philo Beers,* on the 18th of *July,* 1831. The condition of the mortgage deed was as follows: " The condition of this conveyance is such, that whereas the said grantor is indebted to said *Phebe, Naomi* and *Sabra Booth,* by note of hand, in the sum of 360 dollars, or thereabout ; also to *Granville S. Glover,* by note of hand of the sum of 318 dollars, or thereabout ; also to *Stephen Merwin,* by note, in the sum of 200 dollars, or thereabout ; also to *John Johnson,* in two notes, of the sum of 125 dollars, or thereabout ; also to *Abel Curtiss,* by two notes, of the sum of 84 dollars, or thereabout ; also to *Sybil Smith,* of the sum of 50 dollars, or thereabout, by note ; also to *Laura Tomlinson,* by note, the sum of 37 dollars, or thereabout ; also to *Johnson* and *Meritt,* on book, the sum of 65 dollars, or thereabout ; also to *Baldwin* and *Beers,* by note, the sum of 16 dollars, or thereabout ; also to *Abner A. Nettleton,* treasurer of the *Episcopal* society of *St. James'* parish in *Newtown,* the sum of 35 dollars, or thereabout ; also to *Zerah S. A. Peck,* of *Brookfield,* by note, in the sum of 110 dollars ; also to *Ransom C. Canfield,* of *Bridgeport,* on book, in the sum of 30 dollars, or thereabout ; also to *S. & G. Sterling,* of said *Bridgeport,* by book, in the sum of 40 dollars, or thereabout : Now therefore, if the said grantor shall well and truly pay to said grantees, their heirs and assigns, the several amounts due to each of them respectively, then this conveyance to be void, otherwise not." The bill averred, that it was the meaning and intention of the parties to secure to the plaintiffs, according to their respective interests, each of the notes, book debts and claims specified in the bill, and so to draw the mortgage deed as to embrace them ; and that any deficiency or inaccuracy in describing them in the condition of that deed, was owing to the mistake of the person who drew it, and because they were not then in his possession. It was then averred,

*Fairfield,*
June, 1832.

Booth
*v.*
Barnum.

that *Beers*, subsequently, *viz.* on the 20th of *July*, 1831, mortgaged the same estate to *Phinehas T. Barnum*, to secure a debt due to him on book of 1219 dollars; he having full knowledge of all the facts above stated.

*Barnum*, in his answer, denied notice of the existence of the claims of the plaintiffs, or that their mortgage deed was given to secure them, or any of them. He also denied the validity of the claims.

On the hearing of the bill and answer, at *Fairfield, December* term 1831, before *Bissell*, J. it was proved and found, that the several claims of the plaintiffs, as stated in the bill, were justly due, except that *Ransom C. Canfield's* debt was 25 dollars, 21 cents, *S. & G. Sterling's* was 59 dollars, 66 cents, and *Johnson* and *Meritt's* was ——; that it was the true intent and meaning of the parties to the mortgage deed, the condition of which is recited in the bill, to secure the payment of those debts; that such deed was executed on the 18th of *July*, 1831, and received for record on the 19th of that month; that the mortgage deed given to secure *Barnum's* debt, which was *bona fide* and justly due, was executed on the 20th of the same month : and that, at this time, *Barnum* had no actual notice of the deed to the plaintiffs.

The case embracing the facts thus stated and found, was reserved for the consideration and advice of this Court.

*Dutton*, for the plaintiffs, contended, That they were entitled to a decree of foreclosure, as well against *Barnum*, the subsequent mortgagee, as against *Beers*, the mortgagor. The only ground of defence or objection, that *Barnum* can possibly have, is the want of notice of the prior incumbrance. But in this case, there is no want of notice sufficient to postpone the plaintiffs; the record of the mortgage deed being constructive notice of the incumbrance. In the first place, the general rule in equity is, that whatever puts the party on enquiry, is sufficient notice. *Sigourney* v. *Munn*, 7 *Conn. Rep.* 324. 333. *Peters* v. *Goodrich*, 3 *Conn. Rep.* 146. *Stoughton* v. *Pasco*, 5 *Conn. Rep.* 412. 447. Secondly, this rule is applicable to the mortgage in question. The debt need not be particularly described. It is sufficient to state the subject matter of the mortgage, and that from which, by the exercise of common prudence and diligence, the extent of the incumbrance may be ascertained. The condition of the present mortgage is within

this rule. *Peters* v. *Goodrich*, 3 *Conn. Rep.* 146. *Hubbard* v. *Savage* & al. 8 *Conn. Rep.* 215. *Shirras* & al. v. *Caig* & al. 7 *Cranch*, 50, 51. *Conrad* v. *The Atlantic Insurance Company of New-York*, 1 *Pet. Rep.* 386.

*Fairfield,*
June, 1832.

Booth
*v.*
Barnum.

*Sherman*, for the defendant *Barnum*, contended, That the deed executed by *Beers* to the plaintiffs, created no incumbrance on the estate, as against a subsequent *bona fide* incumbrancer without actual notice. The record of this deed afforded no constructive notice of the mortgage. To have this effect, it must either be certain on its face, or it must suggest an enquiry, that will lead to a certain result. The test of such certainty is, that it precludes substitution. But where the debt is described as being of a particular amount *or thereabout*, a different debt, more or less, may be substituted, without restriction; and if the sum specified is not the true sum, the record, so far from conducting the enquirer to a certain result, directly *misleads* him. Here the effect of the description was only to throw dust into the eyes of creditors. *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158. *Shepard* v. *Shepard* & al. 6 *Conn. Rep.* 38.

DAGGETT, J. Were there nothing else in the case, than that the defendant *Barnum*, when he took his deed, had no *actual* notice of the deed to the plaintiffs, there could be no question; because it is settled law, that when a deed is lodged for record with the town-clerk, it is constructive notice to all the world. This principle has been so long established, and it is so essential to the preservation of all the benefits of the registering act, that it can admit of no doubt. The deed of the plaintiffs was left at the town-clerk's office for record, on the 19th of *July;* the deed to *Barnum* was made on the 20th. Vide *Stat. tit.* 56. Lands. *sect.* 9. and the numerous decisions, *passim,* throughout our books of reports. Indeed, this point is not made, by the counsel for the defendant; but he insists, that these notes and debts, not being accurately described in the condition of the mortgage deed, ought not to be considered as creating any lien upon the land; and that consequently, there can be no foreclosure against a *bona fide* incumbrancer.

This Court has had occasion frequently to consider objections of this nature; and, in no instance, has an objection been entitled to less weight than that which is now made. It is

*Fairfield,*
*June, 1832.*

Booth
*v.*
Barnum.

very apparent, that, from the real or supposed necessity of taking immediate security for these debts, the plaintiffs' agent, who drew this deed, had not the evidence of the indebtedness of the mortgagor to the plaintiffs, before him. He therefore stated the notes, erroneously, in a trifling degree, as to sums and dates.(a) It is now insisted, that these discrepances shall avoid the deed. I think otherwise; and that in the absence of all fraud, it would be extremely inequitable to suffer such an objection to prevail. The principle laid down in one of the last cases, which has occurred, is, that the debts must be described with sufficient certainty to enable subsequent purchasers and creditors to ascertain, either by the condition of the deed or by enquiry *aliunde*, the extent of the incumbrance. *Hubbard* v. *Savage* & al. 8 *Conn. Rep.* 219. A more rigid doctrine cannot be adopted, without subverting the fairest contracts. In that case, all the prior cases were reviewed; and cases were there cited of very high authority, in which even more liberal principles had been adopted. *Shirras* & al. v. *Caig & Mitchell,* 7 *Cranch* 34. *Conrad* v. *The Atlantic Insurance Company of New-York,* 1 *Pet. Rep.* 386.

Nor can I perceive any inconvenience to purchasers or creditors, when it is now considered everywhere as the settled doctrine in equity, that " what is considered as sufficient to put a person on enquiry, is considered as conveying notice; for the law imputes to a person knowledge of a fact, of which the exercise of common prudence and ordinary diligence, must have apprised him." *Peters* v. *Goodrich,* 3 *Conn. Rep.* 150. *Sigourney* v. *Munn,* 7 *Conn. Rep.* 333.

Now, apply that principle to the case before the Court. Could not the defendant, with entire ease, have ascertained from the facts disclosed in the condition, the amount of the indebtedness of *Beers* to the plaintiffs; and was not the notice such as ought to have put him on the enquiry?

I would advise the superior court, that the debts found due are a lien on the property mortgaged.

Williams and Bissell, Js. were of the same opinion.

(a) The finding of the court specifies only two or three instances of discrepancy, and those as to *sums* alone; but from a statement or schedule exhibited by the defendant's counsel, the correctness of which was not controverted, it appeared, that there were other inaccuracies in the description of the mortgage debts; none of more importance, however, than those specified in the finding. *R.*

PETERS, J. acquiesced in the decision, though it was oppos-  ed to the views which he formerly entertained.

HOSMER, Ch. J. dissented.

Decree for plaintiffs.