LUCRETIA R. BOUTON *vs.* AUGUSTUS E. DOTY.

69  531
74  408
e74  507

Third Judicial District, New Haven, June Term, 1897. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In 1888 *A* conveyed to the defendant, his nephew, his real estate and personal property, in consideration of the latter's agreement to supply the grantor with money from time to time, as his necessities might require. After describing the property the deed reserved "the right to occupy and use the premises, stock and personal property, as fully and freely as I might do if the fee and title was to remain in myself; with full power to mortgage said premises to raise money for my own personal benefit at any time I may desire for and during my natural life." The warranty clause of the deed excepted from its operation " any claim that may arise under the reservation aforesaid." The defendant accepted the deed but shortly thereafter ceased and refused to discharge the obligations imposed upon him thereby, and at *A's* request the plaintiff cared for and partially supported him for several years, until, in 1893, there was due her from *A*, for her services and for money expended in necessaries, the sum of $650, to secure which, as well as payment for further care and support promised by the plaintiff, *A* mortgaged to her for $1,000 a portion of the real estate previously conveyed to the defendant. In a suit to foreclose this mortgage, pending which *A* died, it was *held :—*

1. That the right to mortgage, reserved in the deed to the defendant, was not limited to a mortgage of the life estate of *A*, but included the fee of the premises.

2. That such reservation was not in contravention of the well settled rules of law respecting real estate.

3. That the money due upon the mortgage ($892) was raised for *A's* personal benefit, within the meaning of that clause as construed in the light of the attending circumstances.

4. That the rule that a mortgage, to be valid as against subsequent *bona fide* purchasers and incumbrancers, must state fully the real nature and amount of the incumbrance, had no application to the defendant.

5. That the written agreement between *A* and the plaintiff, executed after the mortgage, which recited *A's* indebtedness and declared what disposition should be made of the money raised by the mortgage, was ad-.missible in favor of the plaintiff; as were also certain original entries of moneys expended by the plaintiff at the request of *A* and for his personal benefit.

[Submitted on briefs June 9th—decided July 13th, 1897.]

SUIT to foreclose a mortgage of real estate, brought to the Superior Court in Fairfield County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court.    *No error.*

The facts out of which the questions upon the appeal arise, are the following: On the 24th of August, 1888, Orrin A. Doty was the owner in possession of the premises described in the complaint, and on that day he executed in due form of law and delivered to his nephew, Augustus E. Doty, a deed, of the material parts of which the following is a copy: " Know Ye, that I, Orrin A. Doty of the town of New Canaan, in the County of Fairfield and State of Connecticut, for the consideration of one thousand dollars received to my full satisfaction of Augustus E. Doty of the town of Stamford, in said County and State, and for the further consideration that the said Augustus E. Doty is to supply me from time to time with so much cash as my necessities may require, over and above any income that I may receive from the property hereinafter described, do give, grant, bargain, sell and confirm unto the said               all those two parcels of land, with the buildings thereon standing, situated in said town of New Canaan and bounded and described as follows, to wit : The first parcel, containing eighteen (18) acres, more or less, is bounded " etc.    " The second parcel, containing ten (10) acres, more or less, is bounded " etc., " together with all my live stock and personal property now

on said premises, or elsewhere, saving and reserving the right to occupy and use the premises, stock and personal property, as fully and freely as I might do if the fee and title was to remain in myself; with full power to mortgage said premises to raise money for my own personal benefit, at any time I may desire for and during my natural life; and to sell any of the stock and personal property and to use the receipts therefrom as I may desire, with the understanding and agreement that all increase in stock and personal property shall belong to said grantee, subject to the foregoing reservations.    To have and to hold the above granted and bargained premises, with the privileges and appurtenances thereof, unto him, the said grantee, his heirs and assigns forever, to his and their own proper use and behoof.  And also I, the said grantor, do for myself and heirs, executors and administrators, covenant with said grantee, his heirs and assigns, that at and until the ensealing of these presents, I am well seized of the premises as a good indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as is above written, and that the same is free from all incumbrances whatsoever.  And furthermore, I, the said grantor, do by these presents bind myself and my heirs forever, to warrant and defend the above granted and bargained premises, to the said grantee, his heirs and assigns, against all claims and demands whatsoever, except any claim that may arise under the reservation aforesaid.   In witness whereof, I have hereunto set my hand and seal, this 24th day of August, A. D. 1888.

" Orrin A. Doty, (Seal.)"

On October 30th, 1893, said Orrin A. Doty executed and delivered the note and mortgage described in the complaint, to the plaintiff, in order to raise money for his personal benefit.   The plaintiff had lived with Orrin A. Doty for many years, taking care of his house and him, no amount of compensation having been agreed upon between them.   She finally said she would leave unless Mr. Doty paid her what he owed her.   Thereupon he consulted counsel and made

demand on Augustus E. Doty that he support him in accordance with the terms of the deed of 1888. Augustus E. Doty refused. Whereupon Orrin A. Doty, then being an old man and alone in the world, proposed that the plaintiff should remain and care for him and provide him with moneys to secure the necessities of life, and he would give her a mortgage to secure her for services rendered for his benefit, and for moneys advanced and to be advanced in his behalf. The plaintiff agreed to this, and the note and mortgage to the plaintiff were executed on the day demand was made on Augustus E. Doty.

Said Augustus E. Doty, after the making of Exhibit A. (the deed of 1888), lived for a short time with said Orrin A. Doty; they failed to agree, and Augustus left the house of Orrin and never returned to it, nor did anything towards the support or care of Orrin A. Doty thereafter. So far as appeared in evidence no demand according to the terms of Exhibit A., other than the demand detailed above, was made upon said Augustus E. Doty. The sum due upon the plaintiff's mortgage note is $892.13, which was money raised for the personal benefit of said Orrin A. Doty. The note and mortgage is still owned by the plaintiff and is wholly unpaid.

The said $892.13 was made up as follows; $550 was for services rendered Orrin A. Doty by the plaintiff before the execution of said note and mortgage, and expressly made and recognized to be a part of the consideration of said note and mortgage by said Orrin A. Doty; $100 was for money expended by the plaintiff for said Orrin A. Doty before the execution of said note and mortgage, and expressly made and recognized to be a part of the consideration of said note and mortgage by the said Orrin A. Doty; $242.13 is for moneys expended by the plaintiff for said Orrin A. Doty at his request, subsequent to the execution of said note and mortgage, and was for the necessities of life. All of said sums were for moneys, or their equivalent, raised for the personal benefit of said Orrin A. Doty, with his knowledge and at his request, and were to provide him with the necessities of life. The said Augustus E. Doty did not carry out the terms of

Exhibit A, and said Orrin A. Doty would have suffered from
want had not the plaintiff rendered the services and advanced
the moneys above referred to and which form the considera-
tion of said note and mortgage.   At the date of the execu-
tion of said note and mortgage, the matter set forth in
Exhibit 3* formed a part of the agreement under which said
note and mortgage were executed.   The said Orrin A. Doty
died September 25th, 1894, as appears upon the records of
this court in this action.

  Upon the trial the plaintiff offered Exhibit 3, as evidence
to prove or tending to prove an acknowledgment of an exist-
ing indebtedness by Orrin A. Doty to the plaintiff at the date
of the execution of said note and mortgage, and to show the
agreement made between the plaintiff and said Orrin A. Doty
at the time of execution of said note and mortgage.   To this
offer the defendant objected, because : (1) the instrument
appeared to be a declaration made after the execution of the
mortgage and related to the consideration ; (2) that it did
not appear from Exhibit 3 that the declarations were for the
benefit of said Orrin A. Doty ; (3) that the defendant was
not bound by any declarations made by Orrin A. Doty after

---

  * This agreement entered into this 7th day of November, 1893, by and
between Orrin A. Doty and Lucretia R. Bouton, both of New Canaan,
County of Fairfield and State of Connecticut, witnesseth:

  That whereas the said Orrin A. Doty is indebted to the said Lucretia R.
Bouton in the sum of six hundred and fifty dollars for services rendered and
money loaned within the last five years for the personal benefit of the said
Orrin A. Doty; and whereas the said Orrin A. Doty has executed a note
for the sum of one thousand dollars secured by a mortgage of certain prem-
ises to the said Lucretia R. Bouton for the purpose of raising money for
the personal benefit of the said Doty; now, therefore, it is mutually agreed
by and between the said parties hereto as to disposition of said money so
raised, that the said Lucretia R. Bouton shall retain six hundred and fifty
dollars of said money in payment of the aforesaid indebtedness, and the
three hundred and fifty dollars balance to be delivered by the said Bouton,
to such person as the said Orrin A. Doty shall designate, to be expended
for said Doty as he shall direct.

  In witness whereof we have hereunto set our hands and seals the day
and date first above written.

  In presence of
    CHESTER COMSTOCK.            ORRIN A. DOTY.         [L. S.]
    J. H. ROWLAND, Jr.           LUCRETIA R. BOUTON.    [L .S.]

the execution of the said mortgage. The court overruled the objection and admitted the evidence, and the defendant duly excepted.

The plaintiff claimed and offered in evidence certain leaves from a book of original entries of moneys expended and advanced by the plaintiff at the request and direction of said Orrin A. Doty and for his personal benefit, from October 28th, 1893, to August 2d, 1894, inclusive, amounting to $192.13, to prove or as tending to prove, in part, the consideration for said note and mortgage. To this offer the defendant objected, because it tended to prove an expenditure of moneys advanced subsequent to the execution of the said note and mortgage, while the mortgage called for a present consideration, and was inadmissible against the defendant. The court overruled the objection and admitted said leaves in evidence, and the defendant duly excepted to the ruling.

The defendant claimed as follows: 1. That the reservation (in the deed of 1888) was a power to mortgage for the sole purpose of raising money to be used during the lifetime of the mortgagor, and for his personal benefit. 2. That the intention of the parties was to limit the mortgaged estate to the lifetime of the mortgagor. 3. That even if the intention was to extend the mortgage to the fee, such a reservation, and any mortgage made under it, would be void. 4. That there is no power in a court of equity to extend the limits of the power reserved, beyond the extent set forth in the reservation, because of any claimed equities in the plaintiff's favor, even if such equities existed. 5. That the failure to disclose in the mortgage the exact and true condition and nature of the consideration, renders the mortgage void as against this defendant. 6. That the evidence did not meet and is at variance with the complaint.

The complaint alleged, in substance, that on October 30th, 1893, Orrin A. Doty owed the plaintiff one thousand dollars, as evidenced by his note to her of that date for said sum, payable on demand at a named bank; that on said day to secure said note said Doty, by his deed to her of that date, mortgaged to the plaintiff the first of the two parcels of land

described in Exhibit A; that said note was still owned by the plaintiff and was due and wholly unpaid; that on the 24th of August, 1888, Orrin A. Doty executed and delivered to Augustus E. Doty the instrument marked Exhibit A., a copy of which was made part of the complaint; that the mortgage and note described in the complaint were executed by Orrin A. Doty to raise money for his personal benefit; that Augustus E. Doty claimed an interest in said mortgaged premises by virtue of said Exhibit A., which interest was subject to said mortgage; and that Orrin A. Doty was in possession of said premises.

To this complaint Augustus E. Doty filed the following demurrer : " Said defendant demurs to the plaintiff's complaint, because he says : 1. It appears in and by the allegations of the complaint, that the mortgage therein described was made under and in pursuance of the provisions of the instrument marked Exhibit A, and it further appears by the provisions of said instrument that the said Orrin A. Doty had conveyed (prior thereto) to this defendant the fee of the premises described in said complaint, reserving to himself a life estate therein, and expressly reserving to himself only the right to mortgage said premises for the purposes set forth therein, for and during his natural life, and that the interest conveyed to this defendant by said instrument is not subject to said mortgage, but that the life interest only of the said Orrin A. Doty in said premises was conveyed to the plaintiff by said mortgage." The court (*Prentice, J.*) overruled this demurrer, and thereafter the defendant answered over as follows : "1. The said defendant avers that he has not any knowledge or information thereof sufficient to form a belief, regarding paragraphs 1, 2 and 3 of the plaintiff's complaint. 2. Paragraphs 4 and 6 are admitted. 3. Paragraphs 5 and 7 are denied." The court rendered judgment for the plaintiff.

The following are the errors assigned upon this appeal. " The court erred and mistook the law in the following particulars : 1. In overruling the defendant's demurrer to the plaintiff's complaint. 2. In admitting as evidence, against the

objection of the defendant, the memoranda marked ' Ex. 3.'
3. In admitting as evidence, against the defendant's objec-
tion, the leaves from the book marked ' Ex. 4,' as tending to
prove the plaintiff's complaint.  4. In holding that upon the
facts as found by the court, said mortgage was valid as against
the defendant.  5. In holding upon the facts found, that the
rendering of personal services by the plaintiff to Orrin A.
Doty, and the acceptance of the said services by Orrin A.
Doty, was ' the raising of money by Orrin A. Doty for his
personal benefit.'  6. In holding, upon the facts found, that
the said mortgage was given by Orrin A. Doty to raise money
for his personal benefit.  7. In holding, upon the facts found,
that said mortgage was executed and delivered in compliance
with, and in the lawful exercise of, the power to mortgage as
reserved in ' Ex. A.'  8. In holding that the testimony estab-
lishing the facts found was not at variance with the plain-
tiff's complaint.  9. In holding said mortgage valid as against
this defendant, notwithstanding that it did not disclose the
true contract between the mortgagor and mortgagee."

*Michael Kenealy,* for the appellant (defendant).

The true construction to be given this deed is that the
power to mortgage is confined to the life interest of the
grantor.  The power to mortgage is " to raise money for my
own personal benefit for and during my natural life."  The
words " for and during my natural life " must apply either,
1st, to the estate to be mortgaged, or, 2d, to the avails of the
mortgage.  If the latter, they clearly intended that money
only is to be raised, and that of the money so raised the mort-
gagor may use the same " for his personal benefit," and that
any money raised, and not expended by him during his life
time, should belong to the defendant A. E. Doty.  If the
reservation includes the power to mortgage the fee, such reser-
vation is void.  A reservation must be for the benefit of the
grantor, and cannot inure to the benefit of a stranger.  *Bryan*
v. *Bradley,* 16 Conn. 481, 482; *School District* v. *Lynch,* 33
id. 334.  In this case the mortgagee is not a party to the
deed, and had at the time of its execution no interest in the

premises. Moreover, the reservation would be repugnant to the deed. *Coley* v. *Coley*, 19 Conn. 114. Again, a freehold estate can not be created to commence in *futuro*. Anderson's Law Dict. 479 ; *Wakeman* v. *Banks*, 2 Conn. 45 ; *Chalker* v. *Chalker*, ibid. 88. As a reservation, or as an exception, the power reserved lacks words of inheritance, and so is simply of the life estate. 1 Shep. Touch. 100, 114 ; 3 Wash. on Real Prop. pp. 640–646 ; *Jamaica Pond* v. *Chandler*, 9 Allen, 170 ; *Hornbrook* v. *Westbrook*, 9 Johns. 73 ; *Curtis* v. *Gardner*, 13 Metc. 461. The mortgage did not set forth truly or fairly the character of the indebtedness. This certainly is not within the principle laid down in *Winchell* v. *Coney*, 54 Conn. 25, nor in any of the many cases found in our reports. The facts found are at variance with the complaint. The facts recited in "Exhibit 3" made the plaintiff a trustee of the mortgage, and she cannot maintain the present action.

*J. Belden Hurlbutt* and *H. Whitmore Gregory*, for the appellee (plaintiff).

The reservation of "full power to mortgage said premises," was a reservation of a full authority to pledge not only the life estate, but the premises and the title thereto, as fully and completely as if no conveyance had been made to Augustus E. Doty ; and whatever estate Augustus E. Doty had acquired, was subject to defeasance by the exercise of such power, and the default of the condition of said mortgage. The general intent of the deed certainly was to provide support and sustenance for the grantor for the remainder of his life. The power reserved was merely additional security on the part of the grantor to insure it. A life estate was already in the mortgagor which he at any time could sell or *mortgage*, without any reservation for that purpose. Why then need of an express reservation? A reservation of power to mortgage the fee would not be void. *Lewis* v. *Palmer*, 46 Conn. 456 ; *Glover* v. *Stilson*, 56 id. 318 ; *Mansfield* v. *Shelton*, 67 id. 390. A power may be created or reserved by a deed or will. 4 Kent's Comm. 319 ; 2 Wash. on Real Prop. 314 ; 1 Sugden on Powers, 118 ; 4 Cruise's Dig. on Rl. Prop. 123.

A reservation is not repugnant if the grantee received or may acquire any valuable interest in the subject-matter. *Guy* v. *Walker*, 36 Me. 54. The rulings upon evidence were clearly correct. A mortgage given to secure both a present indebtedness and future advances, is valid to secure the amount due at its date, as well as future advances actually made in pursuance of a part agreement entered into when it was given, although the mortgage does not set forth the real character of the transaction. *Hendrix* v. *Gore*, 8 Or. 406; *Summers* v. *Roos*, 42 Miss. 749; *Fessler's Appeal*, 75 Pa. St. 483; *Platt* v. *Griffith*, 27 N. J. Eq. 207; *Taylor* v. *LaBar*, 25 id. 222. The mortgage was executed and delivered in compliance with and in the lawful exercise of the power to mortgage, as reserved in "Exhibit A." The testimony establishing the facts found, was not at variance with the plaintiff's complaint.

TORRANCE, J. The errors assigned may be grouped as follows: (1) those relating to the extent and validity of the power reserved by Orrin A. Doty in Exhibit A; (2) those relating to the validity of the mortgage sued upon; (3) those relating to the admission of evidence and the question of variance. They will be considered in the order stated.

One of the important questions in the case relates to the construction of that part of the deed to the nephew which purports to reserve to the grantor the power to mortgage. The reservation of this power occurs in a part of the deed which reads as follows: "Saving and reserving the right to occupy and use the premises . . . as fully and freely as I might do if the fee and title was to remain in myself; with full power to mortgage said premises to raise money for my own personal benefit, at any time I may desire for and during my natural life."

A power of this kind can be created by deed as well as by will, and in a deed it can be reserved to the grantor as well as granted to another; 2 Washburn's Real Prop. (2d ed.) p. 314; and no question is made in this case as to the right

of the grantor to reserve a power of some kind over the land, but only as to the extent of the power reserved.

The defendant contends that the power reserved is only a power to mortgage the premises during the life of the grantor; in other words a power to mortgage his own life estate; and one of the grounds, perhaps the principal one, on which this claim is based, is the phrase "for and during my natural life." The defendant says this phrase qualifies and limits the clause, "with full power to mortgage said premises to raise money for my own personal benefit, at any time I may desire." On the contrary we think it qualifies the preceding clause, "saving and reserving the right to occupy and use the premises . . . as fully and freely as I might do if the fee and title was to remain in myself." In the first place such a qualification of this clause seems to be necessary and natural, as the use and occupancy therein reserved are not otherwise expressly limited; but it is not necessary in the other clause, at least not to limit the time within which the power must be exercised, for that clearly, by other parts of the clause, is limited to the life of the grantor.

In the next place, if the phrase in question is construed as qualifying the extent of the power reserved, so as to leave in the grantor authority to mortgage his life estate only, then there was no reason whatever for making the reservation, for he could have done that without any reservation. Such a power was clearly not what the parties intended, because it would not have accomplished the purpose for which the power to mortgage was reserved,—for no one would have advanced any considerable sum, or such as the grantor might need before he died, on the frail security of his life estate; and because the exception in the covenant of warranty clearly contemplates incumbrances made under the power, upon the estate of the grantee and not merely upon that of the grantor.

On the whole we are of opinion that the intention of both parties to this deed was that the grantor should have the power to mortgage the "premises," including the estate of the grantor and grantee; and that this intention clearly appears,

is expressed in apt words, and should be carried out unless some rule of law forbids it.

But the defendant says that "if the reservation includes the power to mortgage the fee, such reservation is void," because (1) it is repugnant to the deed; (2) it is in effect a reservation for the benefit of a stranger to the deed; (3) because it is in effect a reservation of a power to create a freehold to commence *in futuro;* and (4) because "as a reservation or as an exception the power reserved lacks words of inheritance, and so is simply of the life estate."

The first objection is not tenable. The estate conveyed to the grantee was a fee, subject to the life estate and the power reserved. That was merely a power to incumber in a certain way the fee and the life estate, and not to destroy the estate of the grantee. Its exercise gave him, at all events, the right to redeem; it might not be exercised at all, or to a slight extent, and he was willing to take his chances in this respect.

But all these objections proceed, we think, upon a misapprehension as to the nature and effect of a power of this kind. A power is a method "of causing a use, with its accompanying estate, to spring up at the will of a given person." Wms. on Real Prop. (4th ed.) 282. It is an authority conferred upon one person to dispose of property vested in himself or in another person. It is a mode of disposing of property which operates under the statute of uses or wills, and it vests in the donee of the power a present indefeasible executory interest in such property. Tiedeman, Real Prop. §§ 558, 559. In the present case the deed in question, in this aspect of it, operates under the statute of uses, the "principles" of which, says the court in *Bryan* v. *Bradley*, 16 Conn. 474–483, are "a part of our common law." Under this statute it is no objection to the validity of a power, that its exercise may wholly defeat the estate conveyed to the grantee in the deed conferring it, nor that it is created for the benefit of a stranger to that deed or estate, nor that its exercise may create a freehold *in futuro*. For these reasons we think the power reserved was a valid power to mortgage the fee of the land.

The next questions relate to the validity of the mortgage given under the exercise of this power. Was the power properly exercised? It is true, undoubtedly, "that the law is exceedingly strict in requiring a precise compliance" with all the conditions and restrictions imposed by the instrument creating or reserving the power, both as to the manner and the time of execution, and other matters of like nature. 2 Washburn, Real Prop. p. 317; Tiedeman, Real Prop. § 567. In the case at bar the power is to be exercised only " to raise money for my (the grantor's) own personal benefit at any time I may desire." As we understand it the only claim made by the defendant, upon this part of the case, is that the money found to be due upon the mortgage was not money raised for the grantor's personal benefit, within the meaning of the above clause; he does not claim that in any other respect the power was not properly exercised, assuming that the grantor could mortgage the fee at all. Under the circumstances out of which the deed in question grew, and for the reasons given in *Imlay* v. *Huntington*, 20 Conn. 146, 169, 170, we think the above clause ought to receive a liberal construction in favor of the grantor. The court below has found that the defendant utterly failed to carry out the terms of the deed on his part to be performed, and refused to do so; that the grantor would have suffered for want of the necessities of life, if the plaintiff had not done work and expended money in his behalf; and further, that the entire amount found due was "for moneys raised, or their equivalent, for the personal benefit of Orrin D. Doty, with his knowledge and at his request, and to provide him with the necessities of life." Upon the facts found we are satisfied that the mortgage was given to raise money for the grantor's personal benefit, within the meaning of the reservation.

The defendant further claims that the mortgage ought not to be held valid as to him, because it "did not set forth truly or fairly the character of the indebtedness."

It is undoubtedly true as a rule that a mortgage, to be valid against subsequent *bona fide* purchasers and incumbrances, must be so drawn that the record of it will give notice, with

reasonable certainty, of the nature and amount of the incumbrance upon the property; but the rule has no application to this case in favor of the defendant, for he is not a subsequent purchaser, nor attaching creditor, nor a subsequent incumbrancer of any kind. The note and mortgage were given in good faith to secure a debt then existing, and future advances which the plaintiff had bound herself to make; and all the defendant is called upon to pay in order to redeem is the amount found to be actually due upon the note. There is nothing here of which he can justly complain.

We think the mortgage was a valid mortgage for the amount found to be due. We are also of opinion that the court did not err in admitting the testimony objected to; that there is no foundation for the claimed variance between the complaint and testimony, and that there is nothing in these matters to justify or deserve further discussion.

There is no error.

In this opinion the other judges concurred.