JOSEPH WEISSMAN *vs.* FERDINANDO VOLINO ET ALS.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A duly-recorded and otherwise valid mortgage to secure future advances, is not to be subordinated to a mechanic's lien for services and materials subsequently furnished, merely because the agreement respecting such advances—which was fully set forth in the mortgage deed—permitted the mortgagee to withhold payment of any one or more of the advancements, provided any lien or claim of lien against the property should exist at the time prescribed for making such payment. Such an element of uncertainty is a common feature of many mortgages, but does not render them invalid provided the real transaction is truly set forth therein and the deed is recorded in the land records for the information of subsequent incumbrancers and lienors.

The case of *Matz* v. *Arick*, 76 Conn. 388, distinguished.

Argued April 11th—decided June 15th, 1911.

SUIT to foreclose a mortgage of real estate, brought to and tried by the Superior Court in New Haven

County, *Reed, J.;* facts found and judgment rendered for the plaintiff, and appeal by one of the defendants, the Hubbell and Merwin Company, who claimed that a mechanic's lien held by it took precedence of the plaintiff's mortgage. *No error.*

*James E. Wheeler,* for the appellant (defendant The Hubbell and Merwin Company).

*Benjamin Slade,* for the appellee (plaintiff).

RORABACK, J. In September, 1909, the defendant Volino applied to the plaintiff for a loan of $1,100 for the purpose of paying for a building lot and erecting a house thereon. Weissman secured a deed of a lot in Hamden, Connecticut, made directly to Volino, and on September 9th, 1909, Volino gave his promissory note for $1,100 to the plaintiff, payable four months after date. The payment of this note was secured by a mortgage of the same date upon the lot. The consideration for the note and mortgage consisted of a bonus of $200, the purchase price of the lot, $375, and the promises of the plaintiff to make future advances amounting to $525. It appears in the condition of the mortgage deed that the mortgagor "will become indebted to the mortgagee herein in the further sum of five hundred and twenty-five dollars," under an agreement by the terms of which the plaintiff, as mortgagee, agreed to advance to the defendant Volino $525 in four payments. These four payments were represented by four due-bills, all dated September 9th, 1909, addressed to the defendant Volino and signed by the plaintiff, each one payable at a certain stage of the building operations, and each one containing the reservation to the plaintiff of the right to withhold payment "in the event of any liens or claims for liens existing against said building at the time this

payment matures." This mortgage, containing copies of these due-bills, was recorded in the office of the town clerk of Hamden on September 10th, 1909. The defendant the Hubbell and Merwin Company, under a contract with the defendant Volino, began to furnish materials and render services for the erection of a dwelling-house on the mortgaged premises on September 15th, 1909, and ceased furnishing such materials and rendering such services on December 15th, 1909. On February 3d, 1910, the Hubbell and Merwin Company caused a mechanic's lien for $887.37 to be placed upon the land and building mentioned in the mortgage. On September 23d, 1909, the plaintiff paid Volino $100; on October 15th, 1909, $175, and on November 1st, 1909, $150 on the due-bills. The fourth order was never presented to the plaintiff nor paid by him.

It appears that the plaintiff, at the time the several payments were made, had no knowledge that the Hubbell and Merwin Company had furnished any materials, or had rendered services, to the defendant Volino, or that it had any liens, or claims of liens, against the property described in the mortgage.

The Hubbell and Merwin Company claimed that its mechanic's lien should be given priority over all sums advanced by the plaintiff to Volino after September 15th, 1909, the date when it began to furnish materials and render services. The court overruled this claim, and held that the plaintiff's mortgage had priority over the mechanic's lien of the Hubbell and Merwin Company to the full amount of his advancement to Volino. The value of the mortgaged premises is $1,400.

No question is made as to the good faith of the contract for the bonus and the purchase price of the property. The controversy is over that portion of the agreement relating to future advances. It is claimed that the debt for advances to be made is not sufficiently de-

scribed in the mortgage, in that there was no absolute and unqualified agreement upon this subject. True it is that the plaintiff reserved the right to withhold payment in the event of any liens or claims existing at the time when payment of the different orders was to be made. But the mortgage gave full notice of that fact. Here was a binding contract to advance unless circumstances should arise that would make it inequitable to enforce a specific performance as against him. There is an element of uncertainty in all mortgages made to secure payments in the future; such as mortgages to secure bail, bonds for sheriffs, administrators, endorsers, and the like. In such transactions a contingency always exists as to what may be done in the future, yet it will hardly be claimed that this class of securities is invalid because there is no fixed and definite obligation to pay. It is necessary that the condition of a mortgage deed, to be valid against subsequent bona fide purchasers or incumbrancers, must be such that its record will give notice, with reasonable certainty, of the nature and amount of the incumbrance upon the property. *Beach* v. *Osborne*, 74 Conn. 405, 408, 50 Atl. 1019, 1118; *Bouton* v. *Doty*, 69 Conn. 531, 543, 37 Atl. 1064; *Hubbard* v. *Savage*, 8 Conn. 215, 219. The description of the debt in this case satisfies these requirements. An examination of the land records of the town of Hamden would have disclosed the true nature of the incumbrance in question, and would have given the Hubbell and Merwin Company, who are chargeable with notice, sufficient information as to the amount of the incumbrance. *Ketchum* v. *Jauncey*, 23 Conn. 123; *Crane* v. *Deming*, 7 Conn. 387; *Hubbard* v. *Savage*, 8 Conn. 215; *Lewis* v. *De Forest*, 20 Conn. 427d; *Beach* v. *Osborne*, 74 Conn. 405, 50 Atl. 1019, 1118. "Every person who takes a conveyance of an interest in real estate is conclusively presumed to know those facts which appear upon the

land records concerning the chain of title of the property described in the conveyance," and this imputed knowledge "is for all legal purposes the same in effect as actual knowledge." *Beach* v. *Osborne,* 74 Conn. 405, 413, 50 Atl. 1019, 1118; *Hamilton* v. *Nutt,* 34 Conn. 501, 510; *Ensign* v. *Batterson,* 68 Conn. 298, 305, 36 Atl. 51; *Hunt* v. *Mansfield,* 31 Conn. 488, 490.

The present case is easily distinguished from *Matz* v. *Arick,* 76 Conn. 388, 56 Atl. 630, relied upon to support the contention of the defendant in this action. There the debt was contingent, and the record described an absolute and unconditional mortgage. The debt which the court found to be due in that case was not truthfully described in the mortgage. Here the transaction was fully and truly set forth in the mortgage, which was made and recorded several days before the defendant company commenced to render services to and furnish materials for Volino. As we have seen, the law presumes that the defendant company had knowledge not only of the deed but of its language. The mortgagee made these advancements without any notice of the existence of the claim of the defendant company, and there is no foundation for its claim of priority upon the ground that he had knowledge.

There is no error.

In this opinion the other judges concurred.