In the Matter of **AMERICAN METAL PRODUCTS CO., Inc., Bankrupt.**
No. 28381.

United States District Court
D. Connecticut,
Bankruptcy Division.
Dec. 17, 1958.

properly describe the mortgage debt. In reaching his conclusion on the first ground the Referee found that, while the mortgage stated it was given to secure a loan of $40,000, such an amount was never loaned. Actually, however, a total of $40,000 was advanced by the mortgagee to the mortgagor over a period of time, but, because the mortgagor started repaying on the amounts advanced, the largest indebtedness outstanding at any one time was $36,956.59. This does not warrant the conclusion that the amount of the loan was misstated. The purposes of the penal statute, Section 7279, are to prevent bonuses from the mortgagors to the mortgagees, to prevent hidden violations of the usury laws and to prevent the recording of plainly false information under the recording system. There is nothing in the facts of this case to bring it within the terms of this statute. A mortgage debt may be payable in installments at indefinite times; it may be hedged about with many conditions and be difficult of ascertainment even on outside inquiry; but this does not mean that an intentionally false statement has been placed on record. Morin v. Newbury, 1906, 79 Conn. 338, 65 A. 156; Sinclair Scott Co. v. Miller, 1907, 80 Conn. 303, 68 A. 257; Mozwish v. Sirus, 1931, 113 Conn. 141, 154 A. 166, and Whitney Frocks, Inc., v. Jaffe, 1951, 138 Conn. 428, 85 A.2d 242.

The difficulty with the mortgage loan in the present case arises out of the fact that the mortgagor and mortgagee on the date of the mortgage transaction entered into a separate written agreement pursuant to which but $15,000 was advanced from the mortgagee to the mortgagor at the time the mortgage and note were executed and delivered; and, while the remaining $25,000 was to be advanced in installments at the borrower's request, these installments were conditioned upon the borrower not then being in default "under any of the terms, conditions and provisions of the mortgage *or any other agreement by and between*" [emphasis added] the mortgagor and mortgagee.

Charles Weingarten, Bridgeport, Conn., for petitioner.

Paul Gordon, Bridgeport, Conn., for bankrupt.

Margaret C. Driscoll, Bridgeport, Conn., for trustee.

Arthur B. Weiss, Bridgeport, Conn., trustee.

ANDERSON, District Judge.

The Referee in Bankruptcy entered an order denying petitioner's reclamation petition and, in effect, invalidated a $40,000 chattel mortgage from the debtor to the petitioner, Walter E. Heller & Co. Inc., which now seeks a review of that order.

The Referee found the mortgage invalid because (a) it overstated the amount actually loaned and thus violated Section 7279 of the General Statutes of the State of Connecticut Revision of 1949, and (b) it did not adequately and

The general rule is that the mortgage debt "be described with sufficient certainty to enable subsequent creditors or purchasers to ascertain, either from the condition of the deed or by enquiry aliunde, the extent of the incumbrance." Hubbard v. Savage, 8 Conn. 215, at page 219.

Certain definite and readily ascertainable conditions placed upon advancement of future installments have been found not to violate the rule. For example, a provision that remaining installments were to be advanced provided no liens were asserted against the mortgaged realty at the time the future advances were payable, was held valid in Weissman v. Volino, 1911, 84 Conn. 326, 80 A. 81. However, the condition attached to the advancement of future installments in the present case, which is that the mortgagor be not in default "under any of the terms, conditions and provisions of * * * any * * * agreement by and between" the mortgagor and mortgagee goes beyond anything held valid by the Connecticut courts. The Referee is correct in finding that there was not an enforceable and absolute obligation to advance the balance of the stated debt and that the record therefore did not give reasonable notice of the nature and amount of the debt. See Sadd v. Heim, 1956, 143 Conn. 582, 124 A.2d 522.

Of the $25,000 to be advanced in future installments, $2,500 was also conditioned upon the receipt of certain releases. This condition alone would have rendered the statement of debt inadequate as to this final $2,500. The fact that the entire $40,000 was ultimately loaned does not serve to validate the insufficient description. Sadd v. Heim, supra.

Although for the reason stated the conclusion of the Referee as to this phase of the case appears to have been properly reached, in his memorandum and order he does not give consideration to the application of the rule of Matz v. Arick, 1904, 76 Conn. 388, 56 A. 630, which though it concerned a real estate mortgage carries equal force in the case of a chattel mortgage.

It holds that, in the absence of misrepresentation or fraud, the validly secured portion of a mortgage debt will hold its priority as against subsequent liens even though the balance of the mortgage debt is unsecured.

There is no evidence in the present case of intentionally false representation or fraud, and the priority of the mortgage is valid to the extent of the $15,000 actually loaned at the time of the execution and delivery of the note and mortgage. Out of the total amount loaned by the petitioner to the debtor there presently remains unpaid principal of $5,674.27. As this amount is less than the properly secured $15,000 the question arises whether the chattel mortgage remains as security for this final balance of unpaid principal or was security only for the first $15,000 repaid. Where there are outstanding between lender and borrower both secured and unsecured portions of a loan, the general rule is that repayments are first allocated to the unsecured portion of the debt unless there is some factual showing to justify the opposite conclusion. In re York, D.C.La.1880, 30 Fed.Cas. p. 811 No. 18,138; 59 C.J.S. Mortgages § 178, p. 221; 14 C.J.S. Chattel Mortgages § 333, p. 980. Here the parties plainly intended that the entire loan be secured. It is obvious that it is because of the ineptitude of the draftsman of the mortgage and accompanying papers that a portion of the money loaned is now held to be unsecured.

Therefore the $5,674.27 is still secured by the mortgage and the reclamation petition of the mortgagee, Walter E. Heller Co. Inc., should have been granted. It is so ordered and the order of the Referee is reversed.